Per Curiam.

The conveyance from Cornwall to Taylor, in 1783, was sufficient to pass his interest in the premises. It was a bargain and sale by the words remise, release, and forever quitclaim, and these words were sufficient to raise a trust or use for the benefit of the bargainee; and by the statute of uses, the use was *463 transferred into possession. The same may be said of the words release amd assign, in the deed from Taylor to the lessor of the plaintifC It was shown upon the trial that both of those deeds were founded upon a valuable consideration; and if a consideration be proved, it is sufficient, though none be expressed. There are no precise, technical words required to raise a use. If the words amount to a present contract of sale or bargain, a trust is instantly raised on which the statute operates. The cases show that the courts have not required any peculiar words in the raising of a use. Thus in 4 Leon. 2. pl. 3. a feoffment in fee on condition, and with intent that the wife should have the land for life, was held to be an estate executed presently according to the intent. And in Broughton v. Langley, (2 Ld. Raym. 373.) a devise to A. to the intent and purpose to permit B. to take the profits, was held to be the creation of a use in B. which the statute executed.
The plaintiff is, accordingly, entitled to judgment.
Judgment for the plaintiff