The lessors of the plaintiff, after proving the defendant to be in possession, for the purpose of showing title in themselves, exhibited (as the case states) "a grant for the premises in dispute, to one Tench Coxe, issued in the year 1796, a copy of which grant, marked A, is referred to and made a part of this case." The copy of the grant marked A, and sent up with the case, appears to have been one in the ordinary form, made not to Tench Coxe, but to James Greenlee, Lewis Baird and William Ervine. Coxe (as the case further states) conveyed, as appeared by the deed exhibited, to Augustus Socket, in 1819, and Socket mortgaged the same in fee to Kintzing and Duponceau. Kintzing conveyed to Duponceau in 1822, and in 1824 the latter conveyed to Murray, Hoyt, A. Bronson, and Thompson, who, in the year 1826 filed a bill in equity to foreclose the mortgage, whereupon there was a decree for the sale of the premises, and in 1827 the clerk and master, in obedience to the decree, sold and conveyed them to one Stephens, and about the same time Murray, Hoyt, and A. Bronson conveyed their entire interest in fee simple to the said Stephens. Subsequently, Stephens executed a deed, whereby he, in consideration of the sum of ten dollars to him in hand paid by Murray, Hoyt, and A. Bronson, "remised, released, and quitclaim" to them, the same premises. In 1829 Murray conveyed to Isaac Bronson and in 1830 Arthur Bronson released to Hoyt and Isaac Bronson, the lessors of the plaintiff. The defendant insisted, in the first place, that the original grant to Coxe was utterly void on its face, and passed no title from the State.
2ndly. That the deed of Stephens to Murray, Bronson, and Hoyt was only a release, and could not, therefore, operate as such, for want of some interest in those to whom it was made. *Page 416 
3rdly. That as Thompson was the legal owner of one-fourth of the premises Bronson and Hoyt, two of the tenants in common, could not jointly demise to the plaintiff.
His Honor was of opinion, and so charged, upon the first point, that there was no such defect in the grant as could be taken advantage of in an action of ejectment. Upon the second point, he held that from (529) the whole deed it was obviously the intention to pass the title, and that although apt and proper words were not used for a deed of bargain and sale, yet the consideration of ten dollars raised an use, and the Statute of Uses transferred the legal estate to the use, and that therefore the deed did operate to pass the title. Upon the third point his Honor held that two tenants in common might make a joint demise in ejectment, although there might be another tenant who did not join. There was a general verdict and judgment thereon, for the lessors of the plaintiff, and the defendant appealed.
There is an evident inaccuracy in that part of the case made out for this court, which relates to the grant exhibited in evidence by the plaintiff. It is stated to be "a grant to Tench Coxe, issued in the year 1796, a copy whereof marked A is referred to and made a part of the case." But the copy, so marked, purports to be the copy of a grant issued to James Greenlee, Lewis Baird, and William Ervine. However this inaccuracy may be, whether in the description or copy of the grant, it will not affect the judgment which it is our duty to render. It appears that the defendant insisted on the trial that "the grant was utterly void on its face, and passed no title," but the court held that there was no such defect in the grant as could be taken advantage of in this action." If the grant exhibited be that whereof a copy is given, we concur in this opinion, for we discover nothing on its face to vitiate it. If the grant be not that whereof a copy is given, as the supposed vices or defects in it are in no way indicated, we are wholly without the means of reviewing the opinion complained of, and of course must presume it to be correct.
The other exceptions taken on the trial by the defendant we hold to be unfounded. The deed from Stephens to Murray, Bronson, and Hoyt might well operate as a deed of bargain and sale, for the reasons stated by his Honor. The words of transfer, used in it, "remise, release, and quit-claim," are precisely those to which a similar operation was (530) allowed in a case decided in the Supreme Court of New York. Jackson on dem. of Salisbury v. Fisk, 10 Johns., 456. We also think that where a demise is laid from two or more lessors, and it *Page 417 
appears that these lessors are tenants in common with one who has not joined in the demise, the plaintiff may yet be entitled to recover. This, it seems to us, necessarily follows from holding (as has been established here by authority) that tenants in common may join in a demise, and that such demise will effectually pass the right of each to possess the thing demised during the term. If less than the whole number join in such a demise it must operate pro tanto. If indeed one of the joint lessors had no title, then the plaintiff could not recover for the reasons assigned inHoyle v. Stowe, 2 Dev., 318.
As the jury in this case found a general verdict the judgment that the plaintiff should recover his term was proper in point of form. Godfrey v.Cartwright, 4 Dev., 487.
PER CURIAM. Judgment affirmed.
Cited: Cobb v. Hines, 44 N.C. 347; Banner v. Carr, 33 N.C. 45;Foster v. Hackett, 112 N.C. 552; Holdfast v. Shepard, 28 N.C. 363; Dowdv. Gilchrist, 46 N.C. 355; Overcash v. Kitchie, 89 N.C. 391; Yancey v.Greenlee, 90 N.C. 319.
(531)