Gaston, Judge.
There is an evident inaccuracy in that part of the case made out for this court, which relates to the grant exhibited in evidence by the plaintiff. It. is stated to be “ a grant to Tench Coxe, issued in the year 1796, a copy whereof marked A is referred to, and made a part of the *395 case.” But the copy, so marked, purports to be the copy of a grant issued to James Greenlee, Lewis Baird and William' Ervine. However this inaccuracy may be, whether in the description or copy of the grant, it will not affect the judgment which it is our duty to render. It appears that the defendant insisted on the trial, that “ the grant was utterly void on its face, and passed no title,” but the court held that'there was no such defect in the grant as could be taken advantage of in this action.” If the grant exhibited, be that whereof a copy is given, we concur in this opinion, tor we discover nothing on its face to vitiate it. If the grant be not that whereof a copy is given, as the supposed vices or defects in it are in no way indicated, we are wholly without the means of reviewing the opinion complained of, and of course must presume it to be correct.
whore n is in action of o-jectmer.t, a life* reterm is pro-offilrm.0"*
The other exceptions taken on the trial by the defendant, we hold to be unfounded. The deed from Stephens to Murray, Bronson and Hoyt, might well operate asa deed of bargain and sale, for the reasons stated by his Honor. The words of transfer, used in it, “remise, release and quit claim” are precisely those to which a similar operation was allowed in a case decided in the Supreme Court of New York. Jackson on dem. of Salisbury v. Fisk, 10 Johns. 456. We also think that where a demise is laid from two or more lessors, audit appears that these lessors are tenants in common with one who has not joined in the demise, the plaintiff may yet be entitled to recover. This, it seems to us, necessarily follows from holding (as has been established here by authority) that tenants in common may join in a demise, and that such demise will effectually pass the right of each to possess the thing demised during the term. If less than the whole number join in such a demise, it must operate pro tanto. indeed one of the joint lessors had no title, then the plaintiff ■ could not recover for the reasons assigned in Hoyle v. Stowe, 2. Dev. 318.
As the jury in this case found a general verdict, the meut that the plaintiff should recover his term was in point of form. Godfrey v. Cartwright, 4 Dev. 487.
Pfitt CuRIAM. Judgment affirmed.