WHEATON *against* DYER.

Though it is a settled rule in equity, that if a person, with notice of a prior unrecorded deed, takes a conveyance of the same property, he takes subject to the prior deed ; yet this rule is founded in the fraud of the party taking the second conveyance ; and if, under the circumstances of the case, no fraud is imputable to that party, his title will not be postponed.

HARVARD LAW LIBRARY

15  307
70  356
15  307
71  365

*Windham,*
July, 1842.

Wheaton
*v,*
Dyer.

Therefore, where *A,* on the 25th of *November,* 1837, executed a mortgage of land to *B,* to secure a debt for money loaned by *B* to *A* for the purchase of that land ; on the 19th of *December,* 1837, *C,* another creditor of *A,* after searching the town records and making reasonable enquiries respecting *A's* property, and finding no incumbrance upon the land mortgaged to *B,* attached it, thereby acquiring a lien upon it for the satisfaction of his debt and costs of suit; on the suggestion of *A,* a compromise between him and *C* took place, by which *C* relinquished a part of his claim, and abandoned the suit, and *A,* on the 5th of *January,* 1838, mortgaged the same land to *C,* to secure the balance of his claim, *A* at that time informing *C* of the prior mortgage to *B,* which was the first notice *C* had of it ; and on the 9th of *February,* 1838, *B* procured his deed to be recorded ;—on a bill in chancery brought by *B* against *C* to obtain the legal title, it was held, that it was not fraudulent or inequitable in *C* to carry his arrangement with *A* into effect ; that *B* sustained no injury, by the exchange of *C's* liens ; that *B's* equity was not superior to *C's* ; and consequently, that *B* was not entitled to the relief sought.

THIS was a bill in chancery for priority of title in mortgaged premises and an injunction.

On the 25th of *November,* 1837, *Francis L. Wheaton,* being in debt to the plaintiff, made, executed and delivered to him sundry promissory notes, and a mortgage deed of a tract of land in *Pomfret.* On the 5th of *January,* 1838, said *Wheaton,* being also indebted to the defendant in the sum of 750 dollars, made, executed and delivered to him a promissory note for that amount, and a mortgage deed of the same land ; which deed was, on the same day, duly recorded.

The plaintiff, supposing that *Wheaton* owed no debt which might be made to interfere with his lien, did not procure his deed to be recorded until the 9th of *February* 1838 ; but it was then duly recorded. In consequence of this delay beyond a reasonable time, the plaintiff's title at law was postponed to that of the defendant.

In the month of *December,* 1837, the defendant, who resided in *Providence, R. I.,* held a promissory note against *Wheaton* for about 1000 dollars, which he enclosed in a letter to *Adams White,* Esq., of *Brooklyn,* requesting him to get the debt secured. On the receipt of this letter, Mr. *White* went to *Pomfret,* examined the records of that town, and called upon *Wheaton's* grantor, and enquired if there was any incumbrance upon said land ; but finding that it had been conveyed to *Wheaton,* and not finding any mortgage thereon, he, on the 19th of *December,* 1837, caused it to be attached

in a suit brought upon said note, by a writ returnable to the county court to be holden in *March*, 1838, and thereby acquired a valid lien upon said land. After the attachment, *Wheaton* requested a compromise of the suit ; and it was finally agreed, by said *Wheaton* and Mr. *White*, as the agent of the defendant, that the suit should be withdrawn, the debt reduced to the sum of 750 dollars, and for that sum *Wheaton* should give his note, secured by a mortgage of the land attached. By this negotiation the defendant's debt was reduced, between 200 and 300 dollars.

Mr. *White* accordingly went to *Wheaton's* house, with a note and mortgage deed, prepared for him to execute. When they were presented to *Wheaton*, he informed Mr. *White*, that he had previously given to the plaintiff a mortgage of the same land, but added, that the plaintiff's deed was not recorded, and was not to go upon record, as the plaintiff wished to avoid being taxed for the debt. This was the first knowledge Mr. *White* had of the plaintiff's mortgage. Under the circumstances, he concluded to perfect the agreement so made with *Wheaton;* which was accordingly done. The suit was thereupon abandoned. The defendant was not actually informed of the plaintiff's mortgage, until the commencement of this suit. The defendant, in taking his mortgage, was not guilty of any fraud or misconduct, unless it may be inferred from the facts above stated.

*Wheaton* is insolvent, and unable to pay the amount due upon the mortgages. The estate mortgaged is also insufficient for that purpose. The notes held by the plaintiff were given for moneys loaned to *Wheaton*, to enable him to pay for the land mortgaged. The plaintiff has collected a part of the amount of these notes; yet the greater part of that amount still remains unpaid.

The court dismissed the plaintiff's bill ; and he, thereupon, by motion in error, brought the record before this court for revision.

*Backus* and *Welch*, for the plaintiff in error, contended, 1. That upon the facts found, the plaintiff's claim stands on as high ground, as if his deed had been duly recorded ; the notice which the defendant had, precluding him from any priority. 1 *Sw. Dig.* 125. 4 *Kent's Com.* 169, 170, 171. *Car-*

*Windham,*
July, 1842.
Wheaton
*v.*
Dyer.

*ter* v. *Champion,* 8 *Conn. Rep.* 549.  *Farnsworth* v. *Childs,* 4 *Mass. Rep.* 637. 641.  *McMechan* v. *Griffing,* 3 *Pick.* 149. *Berry* v. *Mutual Insurance Company,* 2 *Johns. Ch. Rep.* 603.  1 *Sto. Eq.* 383.  *Jackson* d. *Bonnel* & al. v. *Sharp,* 9 *Johns. Rep.* 163.  No question arises here, as in many of the cases, about constructive notice ; for the defendant had *actual* notice of the plaintiff's prior mortgage.

2. That the plaintiff's equity is superior to that of the defendant ; the plaintiff having advanced the purchase money of the land, relying upon it as security ; whereas the defendant's claim was a doubtful one, for which he was willing to take, on a compromise, 75 cents on the dollar, and the credit was given originally to the debtor personally.

*Strong,* for the defendant, contended, 1. That the plaintiff having had a reasonable time to record his deed, without any excuse for not recording it, the defendant's deed being first recorded will prevail, unless the plaintiff has some superior equity, which will give him the priority.

2. That the defendant, having by his attachment, acquired a valid lien on the property, without notice of the plaintiff's deed, which, through his laches, was not recorded, it is not against equity that the defendant's title should prevail, whether perfected, by a levy connected with his attachment, or not. *Wyatt* v. *Barwell,* 19 *Ves.* 435.  *Hine* v. *Dodd,* 2 *Atk.* 275. *Jolland* v. *Stainbridge,* 3 *Ves.* 478.  *Dey* v. *Dunham,* 2 *Johns. Ch. Rep.* 182. 190.

3. That the plaintiff, having omitted to record his deed, by an arrangement made with the grantor, to enable him to escape the payment of his lawful taxes, had the defendant taken his deed with full knowledge of all those facts, he would not be postponed, by a court of equity.

WAITE, J.  The plaintiff and defendant both claim title to the same lands, under mortgage deeds from *Francis L. Wheaton.*  The question arising upon the record, is, which, in equity, is entitled to the priority.

Our statute provides, that " all grants, and deeds of bargain and sale, and mortgages of houses and lands, shall be recorded at length, by the register or town-clerk, where such houses and lands lie ; and no deed shall be accounted good

and effectual to hold such houses and lands, against any other person or persons but the grantor or grantors, and their heirs only, unless recorded as aforesaid." *Stat.* 390. *tit.* 57. *c.* 1. (ed. 1838.)

Although the plaintiff's deed was the first executed, yet it was not recorded until after the defendant's had been executed and recorded. The statute gives the defendant the priority, unless such facts are shown as will deprive him of that advantage.

The plaintiff insists, that the knowledge which the defendant had of the prior lien, at the time of taking his conveyance, is sufficient for that purpose.

It has long been settled, that the object of the registry law is to give notice of the state of the title. Hence, if a person with actual knowledge of a prior unregistered deed, takes a conveyance of the same property, he takes subject to the prior deed.

The policy of this rule has been doubted by some. *Wyatt* v. *Barwell*, 19 *Ves.* 435. But it has, nevertheless, become established. The rule, however, is founded in the fraud of the party taking the second conveyance. *Jolland* v. *Stainbridge*, 3 *Ves.* 405. *Wyatt* v. *Barwell*, 19 *Ves.* 435. *Worseley* v. *De Mattos*, 1 *Burr.* 474. And wherever the imputation of fraud is removed, the rule does not apply.

Thus, if a person were induced to loan his money, upon an agreement that he should be secured, by a mortgage of certain lands, he would not be deprived of his security, by notice of an outstanding unrecorded deed, given him after he had parted with his money, and before he had obtained his mortgage deed. Under such circumstances, he would not be chargeable with fraud in perfecting the security. The case would be different, if he had the notice before parting with his money, or in time to reclaim it.

Has the defendant, in this case, been guilty of any *fraud* in taking his mortgage? After searching the records, and making all reasonable enquiries, respecting his debtor's property, and finding no incumbrance upon it, he levied his attachment. He thereby acquired a lien upon it for the satisfaction of his debt, and all the costs that might arise in the suit, which no subsequent notice could defeat. *Carter* v. *Champion*, 8 *Conn. Rep.* 549.

*Windham,*
*July, 1842.*

Wheaton
*v.*
Dyer.

Had he obtained judgment in his suit and levied his execution upon the lands attached, his title would not have been affected, by the plaintiff's prior deed. And the recording of that deed, at any time subsequent to the attachment, would have given the plaintiff no priority.

But after the attachment and before any notice of the plaintiff's deed, he makes an agreement with the debtor, to withdraw the suit, relinquish a part of the debt, and take a mortgage upon the lands attached to secure the balance. After this arrangement is made, and before the mortgage deed is actually executed, he is informed of the deed to the plaintiff.

Under these circumstances, was it *fraudulent* or inequitable, on the part of the defendant, to carry the agreement into execution? The plaintiff sustained no injury, by the exchange of the liens. The defendant's debt was not increased, but diminished. The subsequent costs in the suit, for the satisfaction of which a lien was created by the attachment, were avoided.

Upon the facts found by the superior court, we think, the plaintiff has failed to shew any fraud on the part of the defendant, or any superior equity in his own favour. No sufficient cause, therefore, is shown, for disturbing the title acquired by the defendant. The decree of the court below must be affirmed.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Judgment affirmed.