H. W. LAMBERTON *vs.* MERCHANTS' NATIONAL BANK OF WINONA.

## November 27, 1877.

**Attachment or Judgment Creditor with Notice of Prior Unrecorded Conveyance.—** An attachment or judgment does not take precedence of a prior unrecorded conveyance of real estate, if the attachment or judgment creditor has notice of such unrecorded conveyance at the time of levying his attachment or docketing his judgment.

**Sale Under Execution of Several Distinct Tracts of Land—When Sale may be Vacated.—** A sale on execution, in gross, as one parcel, of several distinct, separate, known tracts or parcels of land, not lying in one body, is not void, but it may be vacated for cause shown, as that it was the result of actual fraud, or if the owner or party interested in the land has been prejudiced by it, and there is no just ground for making the sale in that way.

Appeal by defendant from an order of the district court for

Wabasha county, *Mitchell, J.*, presiding, overruling a demurrer to the complaint in this action.

*C. H. Berry*, for appellant.

*Wilson & Taylor*, for respondent.

GIFILLAN, C. J. From the complaint it appears that one Mead was the owner of certain real estate in Wabasha county, and on August 5, 1876, conveyed it to one Phillips, and Phillips afterwards conveyed to plaintiff. September 20, 1876, a judgment recovered by defendant against Mead was docketed in Wabasha county. Phillips was then in possession of the real estate, but his deed had not been recorded. Defendant sold under its judgment and bid in the property, and this action is to set aside the sale.

The possession of Phillips was notice of his title, and the question is, whether a prior unrecorded deed, or a docketed judgment against the grantor, with notice to the judgment creditor of the unrecorded deed, shall prevail.

No case has yet been before this court in which the effect of notice to the judgment creditor was in question.

Prior to the act of August 3, 1858, the statute made an unrecorded deed void, "as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." By the act of 1858 such unrecorded deed "shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded, or as against any attachment levied thereon, or any judgment lawfully obtained at the suit of any party against the person in whose name the title appears of record, prior to the recording of such conveyance." Prior to this act the attachment or judgment became a lien only on the actual interest of the debtor as it existed at the levy of the one, or docketing of the other, and was not affected in any way by the registry act. *Greenleaf* v. *Edes*, 2 Minn. 226, (264.) The act changes the law only as to attachments and judgments. As

it stood before, a purchaser with notice of the unrecorded deed took only such estate or interest as his grantor had to convey, and it is the same with a purchaser now.

The question presented under the act of 1858 is, did the legislature intend to place the attaching or judgment creditor in the same position as a purchaser, whose claim to be preferred under the statute may be defeated by notice, or did it intend to prefer such creditor, even though he has notice of the unrecorded deed?

That notice shall prevent the preference of a subsequent purchaser is expressly provided by the insertion in the statute of the words, "in good faith." These words were not repeated as a qualification of the rights of a creditor when the provision in favor of creditors was inserted, and, as the act stands, they do not grammatically apply to any but purchasers. Construing the statute by the letter, the attaching or judgment creditor is not affected by notice of a prior unrecorded deed. But registry acts furnish striking instances of the interpretation of statutes according to the general intention of the legislature, rather than according to the strict language.

The statute of 7 Anne, c. 20, enacted that any deed "shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee for valuable consideration," unless a memorial thereof shall be registered before the registry of the deed or conveyance under which such subsequent purchaser or mortgagee makes claim. Although, by the terms of this act, the subsequent purchaser or mortgagee, if for a valuable consideration, even though he had notice, was preferred to the unregistered deed, it was held by Lord Hardwick, in *Le Neve* v. *Le Neve*, 3 Atkyns, 646, that in equity such purchaser or mortgagee takes subject to the rights of the grantee in the unregistered deed; and the decision in that case has been followed in England and generally in America ever since.

The statute in Massachusetts provided that no alienation of lands, unless made by deed acknowledged and registered,

should be valid except against the alienor and his heirs. In Farnsworth v. Childs, 4 Mass. 636, the court said: "The registry of a deed was required to give more general notice of a conveyance than would result from livery of seisin, which was prescribed by the common law for the purpose of notice. But if a second purchaser has in fact notice, the intent of the registry is answered, and to permit him to hold against the first purchaser would convert the statute into an engine of fraud instead of a protection against it."

This construction of the statute has always been followed. Davis v. Blunt, 6 Mass. 486; Prescott v. Heard, 10 Mass. 60; Priest v. Rice, 1 Pick. 164. The last three were cases of attachment or execution creditors, claiming preference over unregistered conveyances.

The statute in Vermont was precisely similar to that in Massachusetts, and the decisions of the courts have been the same as in that state. Rublee v. Mead, 2 Vt. 544; Stewart v. Thompson, 3 Vt. 255; Brackett v. Wait, 6 Vt. 411; Corliss v. Corliss, 8 Vt. 373; Griswold v. Smith, 10 Vt. 452. The first of these cases was that of an attachment creditor claiming a preference.

In Connecticut the statute provided that a deed should "not be good and effectual in law against any other person or persons whatsoever but the grantor or grantors, and their heirs only, unless recorded at length," etc. In French v. Gray, 2 Conn. 98, it was held, by a divided court, that under this statute an unrecorded deed was not valid against any one who was a stranger, even though he claimed no title. This decision was overruled in Barnum v. Landon, 25 Conn. 149, the court holding that an unrecorded deed is good against every one but creditors or subsequent grantees. That notice will defeat the preference of them is fully settled. Wheaton v. Dyer, 15 Conn. 311; Bush v. Golden, 17 Conn. 594; Hamilton v. Nutt, 34 Conn. 501; Moor v. Watson, 1 Root, 388. The last of these cases was that of an attachment creditor. In Wheaton v. Dyer the court said: "It has long been settled that the object

of the registry is to give notice of the title.    Hence, if a person with actual knowledge of a prior unregistered deed takes a conveyance of the same property, he takes subject to the prior deed."

The statute in New Hampshire was the same as in Connecticut, and it is held that "an attachment or purchase made with the knowledge of the existence of a prior unrecorded deed secures no rights against the holders of such deed." *Montgomery* v. *Dorion*, 6 N. H. 250; *Rogers* v. *Jones*, 8 N. H. 264; *Brown* v. *Manter*, 22 N. H. 468.

In Maine the statute, by its terms, made an unrecorded deed void against every one but the grantor and his heirs, but it is held that an attachment, the creditor having notice, does not prevail over an unrecorded deed.    *Stanley* v. *Perley*, 5 Greenleaf, 369; *Webster* v. *Maddox*, 6 Greenleaf, 256; *Matthews* v. *Demerritt*, 22 Me. 312.

In New York the statute originally made an unrecorded deed void as against a subsequent purchaser whose deed should be first duly recorded; but since the case of *Jackson* v. *Burgott*, 10 John. 456, it has always been held there that an unrecorded deed was good against a subsequent purchaser with notice.

In Pennsylvania a statute passed in 1820 provided that no mortgage except those for purchase money should be a lien until it should have been recorded or left for record.    In *Britton's Appeal*, 45 Pa. St. 172, it was held that an unrecorded mortgage is good against a subsequent judgment, where the judgment creditor has notice; and in *Mellon's Appeal*, 32 Pa. St. 121, that it is good against an assignment made by the mortgagor for the benefit of his creditors.

A statute of Alabama provided that all deeds recorded after the expiration of six months from their date should be valid and operative only from the date of registration, as to creditors and subsequent purchasers, and valid at all times between the parties thereto.    In *Daniel* v. *Sorrells*, 9 Ala. 436,

the court held that the object of registration is to give notice of the existence of the instrument, and prevent subsequent purchasers and others from being prejudiced by secret conveyances, and said: "It has consequently been held so often, as now, to be regarded the settled doctrine that actual notice of the existence of a deed is equivalent to its registration." The court assumed the rule to be that a judgment creditor, with notice of a prior unrecorded deed, would gain no preference over it. And this point was directly decided in *Burt* v. *Cassety*, 12 Ala. 734.

In South Carolina the statute provided that deeds not recorded shall be valid between the parties, "but shall be incapable of barring the right of persons claiming as creditors, or under purchases recorded in the manner hereinbefore described." The court, however, held in *Tart* v. *Crawford*, 1 McCord, 265, that an unrecorded deed was good against a subsequent purchaser with notice. And in *Knotts* v. *Geiger*, 4 Rich. 32, the court said "that express notice of a deed will stand in the place of recording, is too well settled to be now questioned."

Apparently opposed to the principle underlying these decisions, are the decisions in Virginia and Tennessee. The Virginia statute provides that all deeds of trust and mortgage, not recorded, shall be void as to creditors and as to subsequent purchasers for a valuable consideration and without notice. In *Guerrant* v. *Anderson*, 4 Randolph, 208, the court held that creditors, with or without notice, were not affected by an unrecorded mortgage. A statute of Tennessee was similar in terms to that of Virginia, and the court in *Lillard* v. *Ruckers*, 9 Yerg. 64, made a decision similar to that in *Guerrant* v. *Anderson*.

In most of the states, especially the newer ones, the statutes express in some way the effect of notice, giving it the same effect as the courts give it where the statute is silent. We have cited the decisions of all states where the statutes

are silent as to notice, and where we had means to ascertain the terms of the statute passed upon.

From the almost uniform current of decisions we gather these rules: That the general intent of statutes of registry is to protect innocent persons against prejudice from secret conveyances, by providing means through which they can know the condition of titles; that where they acquire such knowledge by means other than registry, they do not stand in need of such protection, and do not, as a general rule, come within the purview of the statutes; and that the statutes will be so construed unless their terms exclude such construction.

Although the act of 1858 applies the words, "in good faith," to purchasers, and does not apply the same or similar qualifying words to attachment or judgment creditors, we do not think the legislature intended to exclude from the latter the rules which courts have laid down where there were no such qualifying words. It would be singular if it did. Prior to the act purchasers alone were protected; creditors were not. There was good reason for placing lien creditors in as good a position as purchasers; none for placing them in a better position. And as the act is made up by adding to the law as it stood before, the words "or as against any attachment levied thereon, or any judgment lawfully obtained at the suit of any party in whose name the title appears of record, prior to the recording of such conveyance," we cannot think the omission to insert "without notice," or similar words, shows an intent to establish a rule as to such creditors different from that before existing as to purchasers. We therefore hold that an attachment or judgment, the creditor having, at the date of levying the one or docketing the other, notice of an unrecorded conveyance, does not prevail against such conveyance.

Another point of great importance is presented by the case. As appears from the complaint the real estate sold consisted of

several distinct known tracts or parcels of land, not lying in one body, and that it was sold in gross as one parcel.

The statute (Gen. St. *c.* 66, § 287) provides, as to sales on execution, that "where the sale is of real property, and consisting of several tracts or parcels, they shall be sold separately." This provision of the statute was before the supreme court of the territory in the case of *Tillman* v. *Jackson*, 1 Minn. 157, (183,) and it was held that the provisions of the statute were directory merely, and that a sale in gross of separate tracts does not render the sale void. To this extent the decision may be regarded as having become a rule of property, and we would not feel at liberty, even though we doubted its soundness, which we do not, to depart from it. We do not, however, concur in the remark which the court made in that case, that "if the debtor has suffered from this error of the officer the latter alone is responsible for it;" for we do not doubt that if the sale in gross was the result of actual fraud, or if the owner or party interested in the land can show that he has been prejudiced by that mode of sale, and that there was no just ground for making the sale in that way, the court may relieve him from it. In other words, that while the sale is not void, it may be avoided upon a cause shown.

In this case the complaint does not show sufficient to justify a court in setting aside the sale upon this ground.

Order affirmed.