NICHOLAS WILHELM and Another, Plaintiffs, v. CHARLES WILKEN, Defendant.

*A quit-claim deed is a conveyance within the provisions of the Recording Act.*

A so-called quit-claim deed which contains the words "remise, release and quit claim," as the words of conveyance, is a conveyance within the Recording Act and subsequent provisions of the Revised Statutes. (1 R. S. 739, § 142; 756, § 1; 762, § 38.)

Such a deed is in fact a deed of lease and release and a grant. It is sufficient to pass the title of the person executing it, and when given for a valuable consideration, and accepted without notice of the existence of a prior deed and duly recorded, the grantee therein is protected under the provisions of the Recording Act.

SUBMISSION of a controversy on an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*Harry V. Morgan*, for the plaintiffs.

*Frank A. Bennett*, for the defendant.

DYKMAN, J.:

This is a submission of a controversy without action, and the following are the facts upon which the case is submitted to the court:

In September, 1893, the plaintiffs made a written contract with the defendant by which they undertook to sell and convey to him the southwesterly half part of lot No. 167 on a map of Washingtonville, for $500 and deliver him a warranty deed of the same free from incumbrance on the 25th day of September, 1893.

Ten dollars was paid by the defendant when the contract was executed, and the remainder of the purchase money was to be paid upon the delivery of the deed.

By the advice of counsel the defendant refused to complete the contract, basing such refusal upon the following facts:

In February, 1864, lots Nos. 166 and 167 upon the aforementioned map of Washingtonville were conveyed to one Cornelius H. Tallman by one William D. Forshay, by deed of conveyance duly executed and recorded, and it is conceded that Tallman's title was valid.

The following is the chain of title from Tallman down to the plaintiffs:

CORNELIUS H. TALLMAN and Wife, To JOHN AUGUSTUS PAGE. } Warrantee Deed with full Covenants, Dated November 29, 1864, Ack'd December 2, 1864, & Rec'd February 7, 1893, in Liber 1304 of Deeds at page 103.

That deed conveys lots Nos. 166 and 167, Washingtonville.

CORNELIUS H. TALLMAN and Wife, To LOUISA A. PENFIELD. } Quit Claim Deed, Dated July 11, 1889, Ack'd July 11, 1889, Rec'd July 22, 1889, in Liber 1172 of Deeds at page 340.

That deed conveys lots Nos. 166 and 167, Washingtonville, and this language follows:

" Have remised, released and quit claimed, and by these presents do remise, release and quit claim, unto the said party of the second part, and to his heirs and assigns forever, all those certain lots (then follows a full description of the premises), together with all and

singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, dower and right of dower, property, possession, claim and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in and to the above-described premises and every part and parcel thereof, with the appurtenances. To have and to hold all and singular, the above-mentioned and described premises, together with the appurtenances, unto the said party of the second part, her heirs and assigns forever."

| | |
|---|---|
| LOUISA A. PENFIELD<br>To<br>NICHOLAS WILHELM and WILHELMINA, his Wife. | Warrantee Deed. with Full Covenant,<br>Dated July 17, 1889,<br>Ack'd July 17, 1889,<br>Rec'd July 22, 1889, in Liber 1172 of Deeds, page 328. |

That deed conveys lots Nos. 166 and 167, Washingtonville.

Before accepting that deed the plaintiffs had the title examined, and it appeared to be valid. Down to that time and for a long time subsequent thereto the plaintiffs had no notice of the conveyance by Tallman to Page or that any one made any claim by virtue thereof.

At the time of the execution of the deed from Tallman to Penfield and from Penfield to the plaintiffs, the premises were unoccupied, unimproved, uncultivated and unfenced. The consideration in the deed from Tallman to Penfield is $100, but the premises were sold subject to taxes and tax leases.

The consideration in the deed from Penfield to the plaintiffs was $1,000, and they went into possession immediately upon the receipt of their deed and have remained in possession since that time.

Upon these facts the plaintiffs demand judgment declaring their title to the premises valid and requiring the defendant to complete his purchase.

The defendant demands judgment declaring that the plaintiffs have no title to the premises and that his deposit of ten dollars be returned to him.

From the facts recited it appears that the plaintiffs are *bona fide*

purchasers for value without notice of the deed of conveyance to Page, and that the deed from Tallman to Penfield was recorded previously to the deed to Page.

The deed from Tallman to Penfield, however, is what is ordinarily denominated a quit-claim deed. In more strict language, it is a deed of release, and the insistance of the defendant is that the Recording Act does not protect a purchaser for a valuable consideration under such a deed.

The language of that act is this : "Every conveyance of real estate within this State hereafter made shall be recorded in the office of the clerk of the county where such real estate shall be situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall be first duly recorded." (1 R. S. 756, § 1.)

"The term 'conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity." (1 R. S. 762, § 38.)

Deeds of bargain and sale and of lease and release may continue to be used and shall be deemed grants, and, as such, shall be subject to all the provisions of this chapter concerning grants. (1 R. S. 739, § 142.)

As we have already said, an ordinary quit-claim deed is a deed of lease and release, and by this statute is deemed to be a grant.

Moreover, the terms remise, release and quit claim, employed in the deed in question, accompanied by a valuable consideration, as in this case, are sufficient in law to pass any interest or estate which the person making the instrument had at the time of its execution. (*Jackson* v. *Fish*, 10 Johns. 456 ; *Striker* v. *Mott*, 28 N. Y. 92.)

An instrument containing those operative words has been held to be a valid deed of bargain and sale. (*Jackson* v. *Root*, 18 Johns. 60 ; *Lynch* v. *Livingston*, 6 N. Y. 434.)

Quit-claim deeds are by no means uncommon in practice, and we may assume that many titles are held under them, and it is too late now to hold that they are not conveyances within the meaning of the Recording Acts.

It is quite remarkable that the question has not been decided in this State, but so far as we can ascertain it has not.

There is certainly no reason why the deed from Tallman to Penfield should not be declared a valid instrument for the conveyance of the title. It was so intended by the parties, or at least by the grantee, who paid a valuable consideration without notice of the prior deed.

Our conclusion is, therefore, that the deed is a conveyance within the Recording Statutes, which protect the purchaser and render the deed to Page valid as against Penfield, the grantee.

This conclusion validates the title of the plaintiff, and the defendant must be required to complete his purchase.

As each party asks for costs they must be awarded to the plaintiffs. Let judgment be entered according to the foregoing views.

PRATT and CULLEN, JJ., concurred.

Judgment in favor of the plaintiff on the submission, with costs.