ALBANY,
Feb. 1826.

Oliver
v.
Trustees of
Springfield.

</div>

## OLIVER *against* THE TRUSTEES OF THE FIRST PRESBYTERIAN CHURCH, IN SPRINGFIELD.

THIS cause having been submitted to the jury at the last Otsego circuit, they retired under the sworn charge of the constable.   It being late in the evening when they retired, they had liberty from the court (by consent of parties,) to seal their verdict and disperse, rendering it the next morning. They accordingly told the constable they had agreed, dispersed ; the next morning delivered a paper purporting to contain their verdict ; which was, on opening it, found to contain these words : " The jurors, after due deliberation, do not agree."   Signed by all the jurors.

Before the jury re-assembled to deliver the above paper, some of them were seen in a bar room, where the cause was much talked of.

On the paper being delivered, the Judge, after explaining certain testimony, as to which the jury disagreed, directed them to retire and re-consider the case ; which they did, though this course was objected to by the plaintiff's counsel ; and afterwards they returned a verdict for the defendant.

*I. Seelye,* now moved to set this verdict aside.

*A. Stewart,* contra, cited *Smith* v. *Thompson,* (1 Cowen, 221, and the cases there cited in the note ;)   *The People* v. *Douglass,* (4 Cowen, 26 ;) and ex parte Hill, (3 Cowen, 355.)

*Curia.*   In the cases cited of verdicts sustained notwithstanding the separation of the jury, there was no sus-

<div style="float:right; width:30%">

Where a jury procured their separation, by pretending to the constable that they had agreed upon a sealed verdict when in truth they had not ; and conversations out of doors were afterwards carried on in the presence of some of them relative to the suit, by persons not on the jury ; and on assembling they were sent out again though this was objected to by the plaintiff; and then they returned with a verdict for the defendant ; *held,* that the verdict should be set aside.

Where the jury improperly separate and this is followed by the slightest suspicion of abuse the verdict will be set aside

</div>

Ex parte
Hunt.

picion of abuse; and, indeed, it appeared affirmatively, that there was nothing that followed the separation, which could be injurious to the party seeking to get rid of the verdict. The present case is far different. After practicing a fraud on the constable, several of the jurors are found in a public bar-room, where the subject of the suit was much talked of in their presence ; and it is not pretended that they did not listen to the conversation ; and might not have been influenced by it. This is not to be tolerated. Here is not only suspicion of abuse ; (and we have uniformly held that the slightest suspicion of this sort, will vitiate the verdict ;) but we think the circumstances of this case, in themselves, amount to positive abuse. They evince that want of respect in the jury, to the obligations imposed upon them by their situation, which cannot be sanctioned consistently with the right of parties. They procured their separation by a very unbecoming artifice ; thus placing themselves in a situation to be practiced upon, and influenced by conversation out of doors. Such conversation was carried on in the presence of some of them. Indeed, it is difficult to see how the suspicions which attach to this case, could be explained away. The motion must be granted, with costs to abide the event.

<div align="right">Rule accordingly.</div>