## SUPREME COURT.

### YALE vs. GWINITS & CASLER.

Where a *referee* on the trial of a cause before him, (during an adjourned hearing,) personally examined a piece of machinery, the utility of which was the subject of the litigation, and during such examination, received explanations of its operation by two of the plaintiffs' material witnesses, without the knowledge or consent of the defendant: *held*, that the referees' report, which was in favor of the plaintiff, must be set aside for irregularity.

*It seems*, that the rule of law, which protects parties from any undue influence upon the minds of *jurors*, should be substantially applied to *referees*.

*Montgomery Special Term, Dec.* 1849.—Motion to set aside report of referee for irregularity.

The action in this case was founded on a promissory note. The defence was, that the note was given for the price of a lot of self-setting sawmill dogs purchased by the defendant Gwinits of the plaintiff, which the plaintiff warranted to be a good, useful and permanent machine, if well used, but which the defendants alleged was a useless and imperfect machine. The referee overruled the defence and reported in favor of the plaintiff for the whole amount of the note. · The irregularity of the referee on which the motion was founded, was, his examination of the sawmill · dogs in company with two of the principal witnesses of the plaintiff, one of whom was the plaintiff's son-in-law, and receiving from them explanations in regard to the machine. This examination occur-

red after the hearing had commenced and had been adjourned to a subsequent day, and was without the knowledge or consent of the defendants.

E. S. CAPRON, *for defendants.*

WM. BARRETT, *for plaintiff.*

PAIGE, Justice.—The objection made by the defendants' counsel to the regularity of the proceedings of the referee is not founded merely upon his examination of the sawmill dogs in question, but upon such examination being made in the absence and without the knowledge or consent of the defendants, with the assistance of Ransom and Cady, the two principal witnesses of the plaintiff, and upon his receiving, at the time of such examination, explanations from such witnesses, (one of whom was the plaintiff's son-in-law,) respecting the operation and condition of the sawmill dogs. It is insisted by the defendants' counsel that this was an irregularity on the part of the referee, which had an improper influence on his mind, prejudicial to the plaintiff. The plaintiff opposes this application upon the ground, that the defendants could not have been injured by the examination of the machine by the referee, as all its parts about which there was any dispute, were subsequently brought into conrt by the defendants, and also upon the ground that the irregularity of the examination by the referee was waived by the counsel of the defendants, on his being informed of such examination by the referee, on a subsequent hearing of the cause. There is a conflict in the affidavits in relation to the alleged fact of the communication of information to the defendants' attorney by the referee, of his examination of the machine, in the presence of Ransom and Cady; and also in relation to the fact that such examination was mentioned by the witnesses Ransom and Cady, in their testimony given on the subsequent hearing of the cause. If the defendants and their counsel were both ignorant of the examination by the referee of the machine in the presence of Ransom and Cady, until after the report of the referee was made, there could be no waiver of the irregularity. I think, however, that the weight of the evidence on this point is against the defendants. But upon a critical examination of all the affidavits, I have come to the conclusion that no information was given either to the defendants or to their counsel on the subsequent hearing of the cause, that the referee, at the time he examined the sawmill dogs, held any conversation with Ransom and Cady in relation thereto, and that he received from them at the time of such examination explanations respecting the operation and condition of the machine.

The question then arises on this motion whether the act of the referee

in receiving from Ransom and Cady explanations in relation to the operation and condition of the sawmill dogs in question, in the absence and without the consent of the defendants was such an irregularity as entitled the defendants to have the report set aside. If this question had arisen in relation to a juror, it would have been deemed an irregularity fatal to the verdict. The rule as laid down by Justice BRONSON in *Wilson* v. *Abrahams*, (1 Hill, 211,) is, "that when in the course of the trial, a juror has in any way come under the influence of the party who afterwards obtained the verdict," or "if the juror has been guilty of misconduct or an irregularity which, there is some reason to suspect," "had an influence on the final result," the verdict cannot stand. It was settled by the earlier cases in this court that the verdict will be set aside where there is some reason to suppose that the party moving may have suffered by the misconduct or irregularity of the jury of which he complains. (1 Hill, 211; *Smith* v. *Thompson*, 1 Cow. 221; *Horton* v. *Horton*, 2 id. 589; *Ex parte Hill*, 3 id. 355.) In *Oliver* v. *The Trustees of Springfield*, (5 Cow. 283,) the jurors, after retiring to deliberate on their verdict and before agreeing upon the same, told the constable that they had agreed, and he therefore allowed them to disperse. Before they re-assembled, some of them were in a bar-room where conversations in relation to the suit were carried on in their presence. The court directed the jury to retire and re-consider the case, which they did, although this course was objected to by the plaintiff's counsel, and afterwards they returned a verdict for the defendant. The verdict was set aside by the court both upon the ground that the jurors may have been influenced by the conversations out of doors, and the ground that they procured their separation by a very unbecoming artifice. I have strong doubts whether a referee ought to be regarded as standing in the same situation as a juror, as respects the question arising on this motion. He exercises the functions not of the jury alone, but of both judge and jury. The parties are indisputably entitled to the unbiassed exercise of his judgment upon the evidence as given at a public hearing in their presence, uninfluenced by any conversations held by him with third persons in relation to the matters in controversy. His decision should be founded alone upon the evidence regularly given on the trial of the cause in the presence of the parties. He is not allowed to decide the cause upon his own knowledge of the facts, nor upon any knowledge derived otherwise than from the evidence given on the trial. And he ought not to place himself in a situation which may expose him to be influenced in his decision by conversations held with third persons in the absence of the parties.

The referee in this case, in receiving the explanation of Ransom and Cady, respecting the machine in question, was doubtless unconscious of doing an act either improper or irregular. Nay, he may have felt perfectly assured that the information derived from these explanations did not have any influence on his mind prejudicial to the ·defendants. The law, we have seen, is so watchful in its protection of the parties from any undue influence upon the minds of jurors, that if there is only some reason to suspect, that an irregularity of theirs, although trifling in its character, has had an influence in the final result, their verdict must be set aside. And upon reflection, I have come to the conclusion, although doubtingly, that the same rule ought substantially to be applied to referees. In this case, I am not able to say that the information derived by the referee at the sawmill of the defendant Gwinits, from Ransom and Cady, did not have some influence on his report, and that the defendants were not prejudiced by it. There is certainly some reason to suppose that the defendants may have suffered by the information thus derived by the referee from Ransom and Cady. As the questions in this cause are purely questions of fact, and as they have once been passed upon by the referee, the cause, according to the decision in *Clark* v. *Crandall*, (3 Bar. Sup. Ct. R. 612,) ought not to be referred back to the same referee.

The report of the referee and all subsequent proceedings must be set aside, and the cause must be tried at the circuit unless a new referee is appointed. As the plaintiff is not shown to be in any way in fault, costs must abide the event of the suit.

The decision of this motion disposes of the motion to set aside the adjustment of the costs. It is not therefore necessary to pass upon the questions of regularity raised on that motion. As the defendants are entitled to have the report and all subsequent proceedings set aside for the irregularity of the referee, the motion in relation to the adjustment of costs are unnecessary. To dispose of that motion, it may be denied without costs to either party.