## THE ÆTNA INSURANCE COMPANY, Appellant, _vs._ WILLIAM GRUBE, Respondent.

A jury were sent out with permission to seal up their verdict when agreed upon, and separated; Ten of the jurors had agreed for the Defendant, and two entertained different views. In order to be liberated they drew up a verdict for the Defendant, and the two who did not agree to it voted for it under protest. They informed the officer that they had agreed, and he allowed them to separate. When the jury came into Court the two jurors who had voted for the verdict under protest, avowed the fact, and upon being again asked if it was their verdict, one assented to it, and the other refused so to do. They were sent out again and finally agreed upon a verdict for the Defendant. _Held,_ that the fact of one juror having entirely changed his views while out of the jury room and separated from his fellows, was strong ground for suspicion of abuse, and that improper influences were exerted upon him. Also, that a juror has not the right to make up his verdict apart from and unaided by the light of consultation and argument with his fellows; that a jury is composed of twelve men and does not admit of separate and individual action and decision.

Where it is stipulated in a policy of insurance against fire, that the same is made and accepted in reference to conditions annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties, and one of the conditions is, that if the policy is made and issued upon a survey and description of the property insured, such survey and description shall be taken and deemed to be a part and portion of such policy and warranty on the part of the assured. _Held,_ that a written application signed by the assured containing a survey and description of the property, was a _warranty_ of the truth of such survey and description, and not a mere representation, and that if the survey and description were false, no recovery could be had upon the policy; that in case of _warranty_ the parties stipulate the materiality of the matter warranted, and cut off all inquiry concerning it; it must be true or there is no contract; that a _representation_ may be untrue and a recovery be had upon the policy, if its falsity is not material to the risk, which is always open to enquiry. But where the application contains the stipulation that the matters stated therein are a "just and true exposition of all facts and circumstances in regard to the condition, situation and value of the property to be insured _so f ar as the same are known to the applicant and material to the risk,_" the warranty is qualified, and it becomes the duty of the Company to show the materiality of any variances from the facts stated, as they would in case of representation. The effect and extent of the warranty must in all cases be governed by the manner in which the facts are stated in the contract.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Points and Authorities of Appellant.

I.—The Court below erred in considering any of the affidavits which were annexed to the motion for a new trial. 3 _Gra. & Wat. on New Trials,_ 1452; 5 _Blackf.,_ 453; 1 _Bibb,_ 398; 4 _Humph,_ 27; 1 _Gra. & Wat. on New Trials,_ 125; 7 _Price,_ 203; 1 _Gra. & Wat.,_ 127.

II.—The " conversations and declarations" mentioned in the affidavits were not upon the subject matter of the trial, and could not prejudice the Plaintiff. 2 _Gra. & Wat. on New Trials,_ 571; _Ib._ 572; 9 _Humph.,_ 646; 2 _Va. Cases,_ 479, 510; 1 _Serg. & Rawle,_ 169; 12 _New Hamp.,_ 474; _Pettibone vs. Phelps et als.,_ 13 _Conn.,_ 445.

III.—The separation of the jury was not obtained through a compulsory or fraudulent agreement as to their verdict, after the case had been submitted to them, and they did not partake of intoxicating liquors in the jury room. The conclusions of the Court below in these respects are not sustained by the record and affidavits.

IV.—But every irregularity which would subject the juror to censure, whether in drinking spirituous liquors, separating from their fellows, or the like, should not overturn the verdict unless there be some reason to suspect that the irregularity may have had an influence on the final verdict. 2 *Gra. & Wat. on New Trials*, 564; 1 *Hill, N. Y. Rep.*, 207; 6 *Greenleaf*, 379; 2 *Sumner*, 21; 8 *Gratton*, 637; 13 *Conn.*, 445; 2 *Gra. & Wat. on New Trials*, 593–4.

V.—Notwithstanding a misdirection, if the Court can see that justice has been done, and that a new trial ought to produce the same result, a new trial will not be granted. 1 *Gra. & Wat. on New Trials*, 301, and cases cited; 2 *Salk.*, 644; 2 *Term Rep.*, 4; 5 *Mass.* 1; 2 *Pick.*, 310; *Id.* 145; 4 *Day*, 42; 5 *Id.*, 479.

VI.—All the contents of the application relating to the description of the premises insured were *warranties*, except, perhaps, the estimate of the valuation, and this under the fourth condition of the policy (folio 10,) is a representation, and its materiality was properly left to the jury. *Angel on Fire and Life Ins.*, p. 178; sec. 147; *Same*, p. 170, sec. 141; 16 *Wendell*, 92; 5 *Hill*, 188; *Roberts vs. Chenango Ins. Co.*, 3 *Hill*, 501; *Angel on L. & Fire Ins.*, p. 184, sec. 152.

VII.—The general verdict for the Defendants, disposes of every issue of fact in their favor. The Court will not consider the weight of testimony upon the several issues.


Points and Authorities of Respondent.

I.—The misconduct of the jury, as shown by the affidavits, was sufficient grounds for a new trial. *Sec.* 23, *ch.* 61, *Comp. Stats.*, p. 559; 1 *Graham on New Trials*, pp. 86, 95, 99, 100, 101 to 103; *Horton vs. Horton*, 2 *Cowen*, 589; *Brant vs. Fowler*, 7 *Cowen*, 562; *People vs. Douglas*, 4 *Cowen*, 26; *Dana vs.*

*Roberts,* 1 *Root.,* 134, *Oliver vs. Trustees of Springfield,* 5 *Cowen,* 283.

II.—The amendment allowed the Defendant to his answer, was error, the same not being in furtherance of justice. *Sec. 94, chap.* 60, *Comp. Stats.,* 545; *Gunter vs. Catlin,* 1 *Duer,* 253, *Bates vs. Voorhies,* 7 *Howard,* 234.

III.—The verdict was against evidence; there was no sufficient evidence to show that the Plaintiff was implicated in the firing of the building, nor of the materiality of the alleged misrepresentations in the survey. 2 *Greenleaf's Ev., sec.* 408; *sec.* 152, *Angel on Fire Ins.; sec.* 165, 158, 176, and authorities cited; *Delonquemere vs. Tradesman's Insurance Co.,* 2 *Hall,* 589; *Jefferson Ins. Co., vs. Cotheal,* 7 *Wend.,* 72.

IV.—There was no misrepresentation or concealment, the value of the premises being stated as an estimate, there being no answer to the interrogatory in the survey as to value, and the size of the building alleged to be misrepresented was truly stated, the answer of the Plaintiff upon the subject in the survey referring to the main building, the omission to state the dimensions of the kitchen in question was not a concealment, being open to inspection, nor material, being not inquired into. *Angel on Fire Ins., sec.* 150, and authorities; *Dennison vs. Thomaston M. Ins. Co.,* 20 *Maine, R.,* 125. Nor was the valuation, though above the true value, sufficient to avoid the policy, this not being a valued policy. *See definition, sec.* 253, *Angel on Fire Ins., and Condition* 4 *of Policy.*

V.—The Court erred in charging upon the question of misrepresentation of value, there being no misrepresentation shown, and also in applying the rule of misrepresentation to the facts in the case.

VI.—The Court erred in his charge upon the subject of warranty, the same having no application to the case, and being erroneous in law. *Sec.* 142, 147, *Angel on Fire Ins., sec.* 140, 141, *Ibid; French vs. Chenango County Mutual Ins. Co.,* 7 *Hill,* 122.

VAN ETTEN & OFFICER, Counsel for Appellant.

HORN & GALUSHA, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—After the jury had retired and been in consultation for some time, they announced to the officer that they had agreed upon their verdict, which they sealed up, and were thereupon permitted to separate. This was a deception practised by the jury upon the officer, with a view of obtaining their release for the night. They had not agreed upon a verdict at all, but, on the contrary, two of the jurors protested against the verdict, or, as it was stated by them in Court, " voted for the verdict under protest." Whether this was a mere mental protest, unknown to their fellows of the panel, or was openly asserted, does not clearly appear, nor does it make much difference, except so far as it would go to implicate the whole jury in the fraud, or only the two protestants.    It is clear that at the time the jury separated, no verdict had been agreed upon, ten of the jurors being for the Defendant, and two entertaining different views.    When the jury appeared in court next morning, this condition of their deliberations, at the time of their separation, was confessed by them, one of the protestants adhering to his views, and refusing to join in the verdict, and the other yielding and assenting to the same.    Now what produced the change in this juror ?    He had not been in consultation with his fellows since the separation, for they had not met as a jury.    He must have either made up his verdict from his own reflections, in the absence of his fellows, or from improper influences brought to bear upon him, neither of which is the decision contemplated by the law.    A jury is a body of twelve men assembled for consultation, argument and mutual assistance in arriving at the truth, and no single member of it has the right to make up his verdict apart from, and unaided by the others.    It is very difficult to distinguish this case from that of *Oliver vs. The Trustees of Springfield,* 5 *Cow.,* 283. There the jury procured their separation by a similar artifice practiced upon the officer, and some of them were in hearing, during their separation, of conversation about the suit in which they were engaged.    Here a radical change had been produced in the mind of one of the jurors during the separation, which is, to say the least, strong ground for suspicion of abuse.    We cannot give our consent to verdicts procured by

such means. There is a want of that dignity, decorum and propriety which should characterize the administration of justice about such proceedings, that if tolerated would soon withdraw from our judicial tribunals that popular reverence which is the strong arm of the law in a republic. The judge was right in his decision upon the irregularity of the verdict.

This leads us to an examination of the question of whether the facts stated in the written application were absolutely warranted to be true as stated, or were only warranted to be true so far as they materially affected the risk.

In the policy occurs this provision:

" And that this policy is made and accepted in reference to the conditions hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise especially provided for."

Among the conditions annexed to the policy is the following:

" SEC. 14. When a policy is made and issued upon a survey and description of certain property, such survey and description shall be taken and deemed to be a part and portion of such policy and warranty on the part of the assured."

When the insurance was effected the solicitor of the company went with the insured upon the premises and propounded to him the questions contained in the written application and wrote down his answers, after which the assured signed his name to the application. This took place in the forenoon. At noon of the same day the assured went to the office of the company where the agent of the company showed the application to the insured and read it to him; upon this the policy was executed. There can be very little doubt that the survey and description, in fact the whole contents of the application was the act of the assured ; and not that of the company or its agents, and that he cannot be permitted to deny it. Did it amount to a warranty, or merely a representation of the facts stated ?

" An *express warranty*, * * *in the law of insurance*, is a stipulation inserted in writing on the face of the policy, on

the *literal* truth or *fulfilment* of which the validity of the entire contract depends.   The stipulation is considered to be on the face of the policy, although it may be written in the margin or transversely, or on a subjoined paper referred to in the policy."   *Angel on Insurance, sec.* 140, *note* 1.

A *representation* as distinguished from a warranty in the law of insurance is "a verbal or written statement made by the assured to the underwriter, *before the subscription of the policy*, as to the existence of some fact or state of facts tending to induce the underwriter more readily to assume the risk, by diminishing the estimate he would otherwise have formed of it."   *Angel on Ins., Sec.* 147.

In the law of insurance a warranty is always part of the contract, a condition precedent upon the fulfilment of which its validity depends.   A representation, on the other hand, is not part of the contract, but is collateral to it.   The essential difference between a warranty and a representation is, that in the former it must be literally fulfilled, or there is no contract, the parties having stipulated that the subject of the warranty *is material* and closed all inquiry concerning it; while in the latter, if the representation prove to be untrue, still if it is not material to the risk, the contract is not avoided.   *Angel on Ins., secs.* 142, 147;   *Burritt vs. The Saratoga Co. Mu. Fire Ins. Co.,* 5 *Hill., p.* 188.

The parties, by appropriate words in a policy, may adopt and make part of the contract any other writing not embodied in the policy, (*Burritt vs. Saratoga Mu. Fire Ins. Co.,* 5 *Hill., p.* 190, *per Bronson, J.*) and thus change what would otherwise have been considered representations into a warranty. The language used in this policy is incapable of misconstruction.   It says, "when a policy is made and issued upon a survey and description of certain property, such survey and description shall be taken and deemed to be a part and portion of such policy and warranty on the part of the assured."

The application in this case containing the survey and description of the property, also contained this stipulation: "And the said applicant hereby covenants and agrees to and with said company that the foregoing is a full, just and true exposition of all the facts and circumstances in regard to the

condition, situation and value of the property to be insured so far as the same are known to the applicant, and material to the risk." The warranty therefore of the statements contained in the application is not an absolute warranty that they are as stated, but only that they are true so far as the same are known to the applicant and material to the risk, which qualifies the warranty, and gives it the same effect as a representation of the facts would have. The Defendant does not treat the statements as a warranty in his answer, but as concealments and misrepresentations, and the Court in his charge to the jury confined the Defendant very properly to the issue he had made. The materiality of the variances in value and description, were questions for the jury and properly left to them, and upon the question of such materiality rests the right of the Plaintiff to recover, devolving upon the Defendant the necessity of proving that they were material to the risk. We see no error in the charge of the Court to the jury, except his treating the question of whether the survey and description were the act of the Plaintiff or Defendant as an open one for the jury. We think these matters having all been reduced to writing and signed by the Plaintiff, he was not at liberty to dispute them as his own.

There must be a new trial for the foregoing reasons.