By the Court.—Freedman, J.
Plaintiff’s exceptions to the admission and rejection of evidence upon the trial are clearly untenable.
All other questions arising upon the appeal from the judgment and the order denying plaintiff’s motion to set aside the report of the referee resolve themselves, upon a critical examination, into mere questions of fact. Most of these have been determined against the plaintiff upon conflicting testimony, and the rest, to wit, those upon the motion, were evidently decided adversely to him, because of his failure to substantiate the charges preferred. Upon the whole case, -ye are unable to perceive a sufficient reason to interfere with the determination actually made. The supplemental affidavit sworn to by plaintiff’s counsel on the first day of December, and offered to be handed up as an additional paper in support of the motion, should perhaps have been received by the court below, and we have, for that reason, treated it as part of the case made by the plaintiff, and given to the facts therein alleged due consideration, without being able to arrive at any other conclusion than the one already stated. Whatever improprieties the referee has been guilty of, were, according to the evidence, committed with the attorney of the party dissatisfied with the report, and there is no evidence from which, in the face of the explicit denial of the referee, the law .would tolerate the inference that undue influence had been brought to bear upon him by the party in whose favor he finally decided. The law never presumes a wrong. Undue influence must consequently be affirmatively established by the party making the charge. In each of the cases cited by plaintiff (4 How. Pr. 253 ; 9 Id. 1 ; 12 Id. 297), it clearly appeared that the referee had been guilty of some irregularity with the party in whose favor he finally reported, and no case can be found in which a report was set aside, as demanded by considerations of *486 public policy, upon the sole ground of improper transactions between the referee and the unsuccessful party. On the contrary, in Ayrault v. Sackett, 17 How. 507. in which case the referee had come to a'conclusion m his own mind, which he expressed to defendant’s counsel, and which he committed to paper in the form of an opinion, it was distinctly held by the general term of the supreme court that until a referee has signed his report and notified the party entitled to it of that fact, the case is under his control and he may reconsider his decision and change it. While, therefore, we concede that for the purpose of maintaining the purity of the administration of justice, the report of the referee may and should be set aside upon even slight proof of improper dealings between him and the successful side, provided- such dealings are shown to have had a tendency, no matter how remote, to influence the action of such referee in favor of such party, we cannot go to the length of holding that a report can be set aside upon mere suspicion or surmise founded upon previous improprieties with the unsuccessful side. A rule of this strictness would hold out an incentive to a party anticipating an unfavorable report to inveigle the referee into the commission of some impropriety of speech or action, with the view of using the same as the foundation for the subsequent impeachment of his report, in case that should prove unfavorable.
For the same reason the rule has always been, in the case of a jury, that if, before they be agreed on their verdict, they eat or drink at the charge of the plaintiff, if the verdict be given for him, it shall avoid the verdict; but if it be given for the defendant,' it shall not avoid it, and sic e converso. And if, after they be agreed on their verdict, they eat or drink at the charge of him for whom they find, it shall not avoid the verdict (Coke upon Littleton, 227 b).
The change of mind on the part of the referee in *487 this case was not, therefore, of a character to render the subsequent report invalid, but merely reviewable upon appeal from the judgment.
The judgment and order appealed from should be affirmed, with costs.