BERTHA SUNVOLD v. K. N. O. MELBY and Another.[2]

April 5, 1901.

Nos. 12,615—(85).

**Order not Appealable.**

An order, made after this cause had been submitted to the court, but before a decision had been made opening the case permitting the defendants to offer further evidence, construed, and *held* that it was not an order setting aside a stipulation of the parties, and, further, that it was not an appealable order.

Appeal by plaintiff from an order of the district court for Grant county, Steidl, J. Dismissed.

*E. J. Scofield,* for appellant.

*Hans Bugge,* for respondents.

[1] Reported in 85 N. W. 1135.    [2] Reported in 85 N. W. 549.

PER CURIAM.

·The parties to this action, which is one to determine adverse claims to real estate, entered into a stipulation as to the facts which contained this reservation:

"It being understood that no evidence is before the court by this stipulation as to fraud, and it is agreed that further oral evidence may be taken as to issues made by paragraphs 2 and 6 in the answer."

The former paragraph contained allegations of fraud. The cause came on for trial, and the defendants asked for a continuance on the ground of the absence of the plaintiff, for whom they had issued a subpœna, which was denied. Thereupon the parties submitted the cause to the court upon the pleadings and the stipulation. Afterwards, and while the court had the case under consideration, the defendants moved the court to open that part of the case relating to the alleged purchase-money judgment obtained by one of the defendants (the allegations of paragraph 6 of the answer relating to the judgment), and to set aside or amend the stipulation in certain particulars. Upon the hearing of the motion the court made its order, the material part of which was as follows:

"After hearing said motion, and duly considering the same and the affidavits submitted by the respective parties, and being fully advised in the matter, it is ordered that said cause be, and the same is hereby, reopened as to the issue of fraud mentioned in and left open to proof by said stipulation of facts heretofore entered into, so that said parties may offer and submit evidence upon said issue of fraud. It is further ordered that in all other respects said motion be, and the same is hereby, denied."

The plaintiff appealed from this order, and the respondents moved to dismiss the appeal for the reason that the order was not appealable. The appellant claims that the order is, in effect, one setting aside the stipulation of the parties; therefore appealable. Whether it would be so if it were in fact an order setting aside the stipulation (see Bingham v. Board of Supervisors, 6 Minn. 82 [136]), we need not decide, for it is clear that the order does not set aside the stipulation; on the contrary, it simply opens the

cause as to the issue of fraud, which was left open to proof by the stipulation, and expressly denies the motion in all other respects, —that is, the court, by the order, refused to disturb the stipulation. The order, in its legal effect, is one opening the case and permitting the respondents to offer evidence only as to an issue not covered by the stipulation. Such an order is not appealable any more than an order permitting a party, after he has rested his case, to open it, and submit further evidence.

Appeal dismissed.