PLANO MANUFACTURING COMPANY and Another v. FRANK KAUFERT.[1]

April 11, 1902.

Nos. 12,968—(63).

**Appealable Order.**

An order denying the motion of the defendant, appearing specially for that purpose, to set aside the service of the summons upon him, is appealable.

**Summons.**

A summons is not void if it clearly informs the defendant that it is intended for him, and requires him to answer the complaint of the plaintiff, although it be not formally directed to him.

Appeal by defendant from an order of the district court for Mille Lacs county, Baxter, J., denying a motion to set aside service of the summons. Affirmed.

*Charles Keith,* for appellant.

*M. L. Cormany,* for respondents.

START, C. J.

The summons in this action, so far as here material, is in these words:

"State of Minnesota,⎱                    District Court
                         ⎰ ss.
County of Mille Lacs ⎰          Seventh Judicial District.

The Plano Manufacturing Co., a corporation, and A. H. Steeves,
Plaintiffs,
vs.
Frank Kaufert, Defendant.

Summons.

You are hereby summoned and required to answer the com-

---

[1] Reported in 89 N. W. 1124.

plaint of the plaintiff in the above-entitled action, which complaint is hereto annexed and hereto served upon you, and to serve a copy of your answer to the said complaint on the subscriber, at his office in the village of Princeton, in said county of Mille Lacs, within twenty days after the service of this summons upon you, exclusive of the day of such service; and, if you fail to answer the said complaint within the time aforesaid, the plaintiff will take judgment against you for the sum demanded therein.   *   *   *"

It was served upon the defendant, who appeared specially, and moved the court to set aside the service of the summons upon the ground that it was void, in that it was not directed to the defendant, as provided by G. S. 1894, § 5194, which reads thus:

"The summons must be subscribed by the plaintiff or his attorney, and directed to the defendant, requiring him to answer the complaint and serve a copy of his answer on the person whose name is subscribed to the summons at a place within the state therein specified in which there is a post office, within twenty days after the service of the summons exclusive of the day of service."

The defendant appealed from the order denying his motion.

1. The plaintiff moves this court to dismiss the appeal because the order is not appealable. The motion was, in effect, one which challenged the jurisdiction of the court, for the summons is the notice whereby the defendant is brought into court. If it was void, the court acquired no jurisdiction by the attempted service, and the defendant was entitled to have the action dismissed. The order, then, involved not merely a question of practice or procedure, but the jurisdiction of the court to hear the case on the merits. It is to be distinguished in this respect from an order denying a motion for judgment on the pleadings, or to set aside the complaint because it does not comply with the summons, or to dismiss an appeal, or to dismiss the action. McMahon v. Davidson, 12 Minn. 232 (357); Board of Co. Commrs. of Sibley Co. v. Young, 21 Minn. 335; Rabitte v. Nathan, 22 Minn. 266; Pillsbury v. Foley, 61 Minn. 434, 63 N. W. 1027.

The court in the cases cited had jurisdiction of the parties, and the orders therein did not involve the merits of the respective actions, or any part thereof, nor did they, in effect, determine the action, and prevent a judgment from which an appeal might have

been taken; hence it was properly held that they were not appealable. The order here in question did not put an end to the action, and prevent a judgment from which an appeal might have been taken; hence it is not appealable unless it is one "involving the merits of the action or some part thereof." G. S. 1894, § 6140, subd. 3. ·

An order involves the merits of the action, or some part thereof, within the meaning of this statute, when and only when it determines the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court. Chouteau v. Parker, 2 Minn. 95 (118); Piper v. Johnson, 12 Minn. 27 (60). Thus, an order setting aside a stipulation settling the issues to be tried, also one setting aside a stipulation to dismiss an action, have been held to be appealable because they deprived the parties of positive legal rights. Bingham v. Board of Suprs. of Winona Co., 6 Minn. 82 (136); Rogers v. Greenwood, 14 Minn. 256 (333). Now, an order which denies the motion of a defendant, appearing specially for that purpose, to set aside the service of the summons upon him, if his contention be correct, determines his positive legal rights, and compels him to take upon himself the burden of defending the action on the merits when the court has no jurisdiction over him. This court has repeatedly assumed, and able counsel conceded, that such an order is appealable. Columbia Placer Co. v. Bucyrus Steam Shovel & Dredge Co., 60 Minn. 142, 62 N. W. 115; Hillary v. Great Northern Ry. Co., 64 Minn. 361, 67 N. W. 80; First Nat. Bank of Whitewater v. Estenson, 68 Minn. 28, 70 N. W. 775; Strom v. Montana Cent. Ry. Co., 81 Minn. 346, 84 N. W. 46. We hold that the order is appealable.

2. The contention of the defendant upon the merits of his appeal is to the effect that the summons in this case was void because it omitted the formal words, "To the above-named defendant," which are usually inserted in a summons. The statute (G. S. 1894, § 5194) requires that the summons shall be directed to the defendant, and there must be a substantial compliance therewith. But the direction need not be literally exact, for the statute does not

prescribe the form of the summons. It is sufficient in this respect if it clearly informs the defendant that it is intended for him, and requires him to answer the complaint. Now, if the whole of this summons, including the title, be read together, it is clear that it informs the defendant that it is intended for him, and requires him to answer the complaint. What other inference is it reasonably possible to draw from the words:

"Frank Kaufert, Defendant. Summons. You are hereby summoned and required to answer the complaint of the plaintiff in the above-entitled action."

A summons is not a process, but merely a notice given by the plaintiff's attorney to the defendant that proceedings have been instituted and that judgment therein will be taken against him if he fails to answer. First Nat. Bank of Whitewater v. Estenson, supra. Therefore decisions in other jurisdictions to the effect that writs and other process must strictly conform to the statute as to their form and substance are not here in point. The summons here substantially complies with the statute, as we have construed it.

Order affirmed.