## TOM RASE v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 5, 1912.

Nos. 17,382—(145).

**Dismissal of action — fraudulent stipulation — appealable orders.**

> The plaintiff brought this action to secure a decree setting aside a stipulation settling and dismissing a former action, on the ground that the stipulation was procured by the fraud of the defendant. The trial court found as a fact that the stipulation was obtained, and as a conclusion of law that

[1]Reported in 133 N. W. 986.

the plaintiff, upon repaying to the defendant within sixty days the amount it paid him for the stipulation, was entitled to a decree setting it aside and allowing him to prosecute his original action; but made no provision for judgment of any-kind in case the condition was not complied with. The plaintiff did not comply with it, and thereafter made the several motions referred to in the opinion and appealed from the order denying each motion. *Held*, that two of the orders were not appealable, and that the others were right on the merits.

Action in the district court for Ramsey county to set aside a stipulation settling and dismissing the action mentioned in the opinion on the ground that the stipulation was secured by fraud. The case was tried before Olin B. Lewis, J., who made findings and as conclusion of law found that upon payment to defendant within sixty days of the sum of $2,000 and interest, together with an amount equal to the transportation furnished plaintiff from St. Paul to Norway, plaintiff was entitled to a decree of court setting aside the stipulation for dismissal, vacating the order dismissing the action and enjoining defendants from enforcing the stipulation and allowing the original action to proceed for trial. From orders denying plaintiff's motions to amend the findings, to open the case and receive further testimony, to discharge an order to show cause, and two motions to enter judgment, he appealed. Appeals from the first and fourth orders dismissed. Other orders affirmed.

*F. D. Larrabee, J. W. Pinch, W. E. Dampier, L. J. Dobner,* and *James A. Peterson,* for appellant.

*M. D. Munn, J. L. Erdall* and *A. H. Bright,* for respondent.

START, C. J.

The plaintiff brought a former action against the defendant to recover damages on account of personal injuries alleged to have been sustained by the defendant's negligence. See Rase v. Minneapolis, St. P. & Sault Ste. Marie Ry. Co. 107 Minn. 260, 120 N. W. 360, 21 L.R.A.(N.S.) 138. While such action was pending in the district court of the county of Ramsey, the parties thereto settled it, and upon their stipulation the action was dismissed. This action was brought in the same court to set aside the stipulation and dis-

missal and to reinstate the original action on the ground that they were procured by the fraud of the defendant. The cause was tried by the court without a jury, and findings of fact made to the effect that the stipulation and dismissal were procured by the fraud of the defendant, and conclusions of law following:

"That upon payment by plaintiff to defendant within sixty days from the date hereof of said sum of $2,000 and interest, together with an amount equal to the value of the transportation furnished plaintiff by defendant from St. Paul to Norway, plaintiff is entitled (1) to a decree of this court setting aside the stipulation for dismissal of said action, and (2) vacating the order dismissing said action and enjoining defendants from enforcing said stipulation, and (3) allowing said original action to proceed for trial and determination according to law."

It is obvious that the conclusions of law are incomplete, in that they do not provide for a final disposition of the action in case the plaintiff should fail for any reason to perform the condition by providing that, upon filing proof of such failure with the clerk, judgment be entered in favor of the defendant and against the plaintiff dismissing the action on the merits. If the conclusions of law had been complete, as suggested, then the plaintiff, if he deemed the imposed condition an inequitable one, might have made a motion for a new trial if so advised and here reviewed the question on appeal from an order denying the motion (Dunnell, Minn. Digest, § 395), or he might have omitted to comply with the condition, and, after elapse of the sixty days, cause judgment to be entered, in case the defendant failed so to do after notice as provided by the rules of the district court in defendant's favor dismissing the action on the merits, and appealed therefrom. Warner v. Lockerby, 28 Minn. 28, 8 N. W. 879. The plaintiff made no motion for a new trial, but by a series of motions sought either to avoid the condition imposed by the trial court or to secure a judgment dismissing the action, all of which were denied, and he appealed from each of the several orders denying the motions.

The first order attempted to be appealed from was one denying the plaintiff's motion to amend the findings of fact and conclusions

.of law so as to eliminate therefrom the imposed condition to granting plaintiff's prayer for relief. Such an order is not appealable. Lamprey v. St. Paul & Chicago Ry. Co. 86 Minn. 509, 515, 91 N. W. 29.

The next order appealed from was one denying the plaintiff's motion, made more than three months after the findings of fact and conclusions of law were filed, to open the case for the purpose of receiving further evidence on behalf of the plaintiff to show his inability to return the money, paid to him by the defendant, when he discovered the fraud. Assuming, without so deciding, that this order is appealable, it is clear from the record that the trial court did not abuse its discretion in denying the motion.

The plaintiff then made a third motion, which was heard on an order to show cause, for an order directing the clerk of the court to enter judgment dismissing the action for the failure of the plaintiff to comply with the condition within the time limited. The motion was denied, and the plaintiff appealed from the order. There is no merit in the appeal, even if the order is appealable, for the reason that the plaintiff could not secure the dismissal of the action except upon the merits, which he did not ask for by his failure to comply with the condition.

His fourth motion was for an order directing the clerk to enter such judgment as either party might be entitled to under the facts shown in the moving papers. The court made its order denying the motion. The motion was simply one for a directed judgment of some kind, and the order denying the motion is not appealable.

The plaintiff then made a fifth motion for an order that, unless the defendant caused a judgment to be entered in the action within a time to be fixed by the court, then and in that event the conclusions of law be modified permitting the plaintiff to retry his action without the repayment of the money. This motion was also denied. In view of the fact that the conclusions of law were incomplete, as we have indicated, neither party, in the event the plaintiff failed to comply with the condition within the time limited, was entitled to judgment in his favor without the further order of the court. It was accordingly the duty of the trial court after the expiration of

the time limit without a compliance with the condition to make, on proper motion by either party therefor, its order for judgment in favor of the defendant dismissing the action on the merits. The plaintiff was entitled to have a final judgment entered from which he could appeal, and have reviewed the merits of the decisions of the trial court imposing the condition. The action could not be indefinitely held in abeyance until the defendant, if ever, should see fit to ask for a dismissal of the action.

The plaintiff's fifth motion was not one of the kind we have indicated, for it was simply one to compel the defendant to cause a judgment of some kind to be entered in the action by imposing upon him as a penalty for his refusal the amendment of the conclusions of law so as to permit the plaintiff to try his original action without complying with the condition. It is obvious that the order denying the motion, even if it is appealable, was right on the merits, for the plaintiff had a right to move the court for an order permitting him to enter a judgment of dismissal of the action on the merits, to the end that he might appeal therefrom.

It follows that the appeals from the first and fourth orders must each be dismissed, and that the other orders appealed from must be affirmed. So ordered. And, further, that, as the appeals were heard as one, only $25 statutory costs will be allowed.