## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. MENDEL GARBER.[1]

October 22, 1915.

Nos. 19,445—(30).

**Insurance — consideration.**

1. In a contract for insurance, the premiums paid by the insured constitute the consideration on his part, and the risk of incurring liability assumed by the insurer constitutes the consideration on his part.

**Existence of contract — retention of premium by insurer.**

2. If the contract went into effect, whereby the risk attached, the insurer is entitled to the premiums for the period the contract was in force; but, if the contract never went into effect and for that reason the insurer ran no risk of incurring liability, he is not entitled to retain the premiums unless intentional fraud, on the part of the insured, is what prevented the contract from going into effect.

**Same — intentional fraud.**

3. If the contract is rendered void by intentional fraud on the part of the insured, he is not entitled to a return of the premiums.

**Action to cancel contract — return of premiums.**

4. Where the insurer brings an action to cancel the contract as void *ab initio*, for the reason that a warranty made by the insured is false, and in such action the insured shows that he made the warranty in good faith without intent to defraud, the court may require the return of the premiums as a condition to the cancelation of the contract.

**Same.**

5. Plaintiff brought this action to have the contract of insurance declared annulled, and the trial court ordered judgment declaring it annulled, on condition that plaintiff return the premiums. The findings of fact show that defendant became a member of the society in 1906, and was lawfully expelled therefrom and his contract thereby annulled in 1910. So far as the findings disclose, the contract was in force until such expulsion, and consequently it was error to require a return of the premiums theretofore paid.

[1] Reported in 154 N. W. 512.

Note.—As to right of insured to return of premium where insurer seeks rescission on ground of misrepresentation by insured, see note in 32 L.R.A. (N.S.) 299.

Action in the district court for Ramsey county to cancel plaintiff's benefit certificate for $2,000 upon the life of defendant, and to restrain him from enforcing the same. The case was tried before Kelly, J., who made findings and ordered judgment in favor of plaintiff upon payment of the sum of $228.15. From an order denying its motion to vacate the decision and for a new trial, plaintiff appealed. Reversed.

*William G. White,* for appellant.

*Louis L. Schwartz,* for respondent.

TAYLOR, C.

Plaintiff, a fraternal beneficiary society, brought this action to have a beneficiary certificate, which it had issued to defendant, adjudged canceled and annulled. After making findings of fact and conclusions of law, the trial court directed that the certificate be adjudged to be null and void, on condition that plaintiff repay to defendant the moneys paid to plaintiff as assessments upon such certificate. Plaintiff moved for a new trial and appealed from an order denying this motion.

The only question presented for decision is whether the facts found by the court justified the court in requiring plaintiff to return the assessments paid by defendant.

Under a contract of insurance, the premiums or assessments paid by the insured constitute the consideration on his part for the obligations assumed by the insurer, and the risk of incurring liability assumed by the insurer constitutes the consideration on his part for the premiums received by him. The case of Taylor v. Grand Lodge A. O. U. W. 96 Minn. 441, 105 N. W. 408, 3 L.R.A.(N.S.), 114, sets forth the general rules which determine in what cases and under what circumstances the insured is entitled to a return of the premiums paid by him, and also contains an exhaustive review of the authorities which establish such rules. It is sufficient for our present purpose to say that the insured is entitled to a return of the premiums or assessments paid by him only in case the contract never became valid or binding for some reason other than the intentional fraud of the insured. If the contract was valid at its inception and went into effect, by reason whereof the insurer ran the risk of incurring liability thereunder, but was subsequently annulled, the insurer is entitled to retain the premiums for the period

131 M—2.

during which the contract was in force. If the contract was void at its inception and for that reason never went into effect, the insurer ran no risk of incurring liability thereunder, and is not entitled to retain the premiums, unless intentional fraud on the part of the insured is what rendered the contract void. If intentional fraud on the part of the insured rendered the contract void, the insured is not entitled to a return of the premiums under any circumstances; but if the contract is rendered void *ab initio* by reason of the fact that a warranty which formed a part thereof is not true, and the insurer brings an action to have the contract declared void and annulled upon that ground, and in such action the insured establishes that he made the warranty in good faith without intent to deceive or mislead, the court may require a return of the premiums as a condition to the entry of a judgment declaring the contract canceled and annulled. Metropolitan Life Ins. Co. v. Freedman, 32 L.R.A. (N.S.) 298, and cases cited in note attached thereto [159 Mich. 114, 123 N. W. 547.]

In the instant case the court found that all the allegations of the complaint were true except those contained in the fifth subdivision thereof, and that those contained in such fifth subdivision were not true. It appears from these findings that defendant became a member of the society and received the certificate in question in 1906, and that he was duly and legally expelled from the society and his certificate thereby annulled on April 22, 1910, also that he never paid or tendered any assessments or premiums after such expulsion. The ground upon which defendant was expelled is not disclosed either by the pleadings or the findings. So far as shown by the findings, defendant's contract of insurance was not annulled or terminated until April 22, 1910, and it necessarily follows that plaintiff is entitled to retain the premiums or assessments, theretofore paid, as consideration for running the risk of incurring liability while the contract was in force.

The complaint alleged, as an independent ground for the cancelation of the contract, that defendant fraudulently misrepresented his age in his application for membership. All the allegations in respect to the falsity of such representations are contained in the fifth subdivision of the complaint, and the court expressly found that the allegations contained in this subdivision were not true. The court also found that the

statements made by defendant were made in good faith without intent to defraud, but nowhere found that such statements were untrue. Consequently the record shows that the contract was annulled because defendant had been lawfully expelled from the society, and not because he had made false statements as to his age. Notwithstanding this fact, it appears from the memorandum of the trial judge that he was of the impression that he had made a finding to the effect that these statements were false, and it further appears from his memorandum that he based his direction for a return of the assessments upon the supposition that the falsity of these statements is what annulled the contract. The case is controlled, however, by the findings of fact, not by the memorandum, and the conclusion of law that defendant is entitled to a return of the assessments is wholly without foundation in the findings of fact.

Order reversed.