## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. MENDEL GARBER.[1]

April 28, 1916.

Nos. 19,695—(17).

**Order not appealable.**

> An order denying a motion for such judgment as the moving party may be entitled to upon the files, records and pleadings in the action, including the decision of this court upon appeal, is not appealable, following Fulton v. Town of Andrea, 72 Minn. 99.

Plaintiff's motion for a new trial was denied and it appealed to the supreme court. The case is reported in 131 Minn. 16, 154 N. W. 512. After the opinion upon the appeal was handed down, plaintiff moved for such judgment in its favor as it was entitled to upon the record. From an order, Brill, J., denying the motion, plaintiff appealed. Dismissed.

*William G. White,* for appellant.

*Louis L. Schwartz,* for respondent.

PER CURIAM.

Action by plaintiff, a fraternal beneficiary society, to cancel the benefit certificate issued to defendant. There was a trial to the court and findings of fact and order for judgment filed, directing cancelation on condition that the assessments and dues paid by defendant be refunded. Plaintiff, deeming the condition unwarranted, moved for an order setting

[1] Reported in 157 N. W. 691.

aside the decision and granting a new trial, and appealed from the order denying the motion. The order was reversed without directions. National Council of Knights and Ladies of Security v. Garber, 131 Minn. 16, 154 N. W. 512. When the remittitur reached the court below plaintiff, upon the files, records and pleadings in the action, including the decision of this court, moved for judgment as prayed in the complaint. The motion was denied and plaintiff again appeals.

Appellant relies upon Babcock v. Murray, 61 Minn. 408, 63 N. W. 1076, for a reversal of the order. There the court considered the order on the merits, stating that no point had been made as to its appealability. Here upon the argument the court suggested the point, and counsel for appellant has favored us with an able brief upon the proposition. We do not think the order appealed from is analogous to orders held appealable in the cases cited by counsel, viz: Bingham v. Board of Suprs. of Winona County, 6 Minn. 82 (136) (an order setting aside a stipulation of facts) ; Rogers v. Greenwood, 14 Minn. 256 (333) (an order vacating a stipulation for a dismissal) ; and Plano Mnfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124, (an order setting aside the service of a summons). On the contrary it comes squarely within Fulton v. Town of Andrea, 72 Minn. 99, 75 N. W. 4, and is nonappealable. See also Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 116 Minn. 414, 133 N. W. 986, the first and fourth order therein appealed.

Appellant's suggestion that the order under consideration prevents the entry of a judgment from which an appeal might be taken is answered by what was held in regard to the fifth order involved in the Rase case. Pursuant to the practice there indicated judgment of dismissal was entered on plaintiff's motion, from which judgment he appealed and the erroneous rulings upon nonappealable orders, made previous to the entry of judgment in respect to motions to modify the conclusions of law, were reviewed and a proper judgment directed. Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 118 Minn. 437, 137 N. W. 176.

Appeal dismissed.