# STATE EX REL. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. HASCAL R. BRILL.[1]

July 28, 1916.

Nos. 19,979—(265).

**New trial.**

Where this court reverses the trial court on an appeal from an order denying a new trial, without further directions, a new trial follows as a matter of course. O'Rourke v. O'Rourke, supra, p. 5, 158 N. W. 704, followed. [Reporter.]

Upon the relation of the National Council of the Knights and Ladies of Security this court granted its alternative writ of *mandamus*, directed to Honorable Hascal R. Brill, one of the judges of the district court for the Second judicial district, requiring him to enter judgment in the action instituted by relator against Mendel Garber, or show cause why he had not done so. Writ discharged.

*William G. White*, for relator.

*Louis L. Schwartz*, for respondent.

PER CURIAM.

In the case of National Council of Knights and Ladies of Security against Mendel Garber, the plaintiff appealed from an order denying its motion for a new trial and the order was reversed by this court. 131 Minn. 16, 154 N. W. 512. No directions were given as to further proceedings. When the case was remanded, plaintiff applied to the district court for judgment upon the findings of fact claiming that the decision of this court did not operate to grant a new trial but merely to eliminate an erroneous conclusion of law. The district court *held* that, as the order denying a new trial had been re-

---

[1] Reported in 158 N. W. 908.

versed without directions as to future proceedings, a new trial followed as a matter of course, and denied the application. Plaintiff, claiming that the district court was mistaken as to the effect of the decision of this court, now seeks by *mandamus* from this court to compel that court to render judgment upon the findings made on the first trial. That a new trial follows as a matter of course from the reversal without directions of an order denying a motion for a new trial was determined in the case of O'Rourke v. O'Rourke, supra, p. 5, 158 N. W. 704. That case decides the question here presented adversely to the relator and the alternative writ is discharged.