## W. C. RODGERS v. FRANK A. STEINER.[1]

January 12, 1940.

No. 32,266.

[1]Reported in 289 N. W. 580.

*Horace W. Roberts,* for appellant.
*William Stradtmann,* for respondent.

Hilton, Justice.

Plaintiff seeks to appeal from an order denying his motion for judgment. The background of the litigation is this. In 1929 plaintiff became receiver of the insolvent Minnesota Lubricating Oil Company. Defendant was a stockholder. To enforce defendant's liability as such, the present action was commenced in July, 1931. Shortly thereafter there was a stipulation entered into between the litigants which in effect determined defendant's liability and provided that he would pay the amount due in monthly installments of $50. Plaintiff agreed not to enter judgment unless defendant was in default for more than 15 days. Plaintiff received some payments, but the last installment defendant paid was in May, 1932. Thereafter he was in default. In March, 1939, plaintiff made a motion for an order for judgment. It was denied upon the ground of laches. The plaintiff then served notice of appeal from the order denying the motion for judgment. The order is not appealable, and the appeal must be dismissed. Because the court is in disagreement, a full discussion of the questions involved is necessary.

Appeals from the district court to this court are governed by statute. 2 Mason Minn. St. 1927, § 9490, reads:

"A judgment or order in a civil action in a district court may be removed to the supreme court by appeal, as provided in this chapter, *and not otherwise.*" (Italics supplied.)

Section 9498 furnishes the only means whereby "the aggrieved party" may appeal. Subd. 3 provides that an appeal can be taken from "an order involving the merits of the action or some part thereof." We do not think the present order is within this subdivision. Subd. 3 has been the subject of much comment in our decisions. It is well summarized as follows:

"This remarkably liberal provision has been made a veritable stalking-horse behind which appeals from all kinds of intermediate orders have crept into the supreme court, causing vexatious delays in the trial of actions on the merits." 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 298.

Bond v. Welcome, 61 Minn. 43, 63 N. W. 3. Mr. Dunnell in the cited section goes on to say:

"Inasmuch as any intermediate order involving the merits may be reviewed on an appeal from the final judgment, this provision ought to be very strictly construed. An order involving the merits is one which determines 'the strict legal rights of the parties as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court.'" (Supporting cases are found under note 14.)

Judge Taylor, in Seeling v. Deposit B. & T. Co. 176 Minn. 11, 13, 222 N. W. 295, 296, aptly said:

"As orders affecting the merits are ordinarily reviewable upon an appeal from the judgment or from an order denying a new trial, this provision is strictly construed to avoid unnecessary delays and inconclusive appeals. An order is not appealable under this provision unless in effect it *finally determines the action or finally determines some positive legal right of the appellant relating thereto.*" (Italics supplied.)

From the procedural facts disclosed, the order did not determine the "strict legal rights of the parties" under the stipulation.

The general rule is that no appeal lies from an action of a court which requires a subsequent order or judgment to give it effect. Hence an appeal lies only from "the order or judgment which gives effect to the conclusion reached by the court, not from what is, in effect, its findings of fact or conclusions of law." 1 Dunnell, Minn. Dig. (2 ed.) § 298, and cases under note 17.

In that section the author refers to our cases holding what orders are appealable and not appealable. A careful reading of

the cases to which reference is made leads to the view that the present order is not appealable unless we are to abrogate prior and well considered cases bearing directly upon this phase. Thus, in Fulton v. Town of Andrea, 72 Minn. 99, 75 N. W. 4, there was a situation in substance identical with the instant case. There, after a reversal of judgment for defendant (70 Minn. 445, 73 N. W. 256), plaintiffs moved, after the going down of the remittitur from this court, for the amount claimed in the summons. His motion was denied, and he sought to review the trial court's action by an appeal from the mentioned order. The appeal was dismissed for want of jurisdiction, the court saying [72 Minn. 99]:

"We can concede that upon the findings of fact the plaintiffs were entitled to have judgment rendered in their favor, and could have compelled the entry of judgment, unless the court below, upon proper application, had seen fit to grant a new trial; but this does not render the order appealable. Its appealability is determined by the statute."

Here, as in the cited case, there was no question of a new trial involved. Similar, and in point, is National Council v. Garber, 132 Minn. 413, 157 N. W. 591. In that case plaintiff had brought an action to cancel a benefit certificate issued to defendant. The court had made findings and had ordered judgment directing the cancellation of the certificate on condition that the assessments and dues should be refunded. Plaintiff appealed from an order denying his motion for a new trial. *Id.* 131 Minn. 16, 154 N. W. 512. This court reversed and held that plaintiff was entitled to keep the dues and assessments during the period the risk was in existence. After the remittitur in that case went down, plaintiff moved for an order for judgment based upon the files, records, pleadings, and the mentioned decision of this court. That motion was denied. Plaintiff sought to appeal from that order. It was expressly held that the order was not analogous to those involved in Bingham v. Board of Supervisors, 6 Minn. 82 (136) (where an order setting aside a stipulation of facts was held appealable), or Rogers v. Greenwood, 14 Minn. 256 (333) (where an

order vacating a stipulation for dismissal was held appealable). Many other cases supporting the proposition that the present order is not appealable might be cited, but those to which reference has been made are deemed sufficient as they have never been questioned and present sound and settled procedural law.

It must be remembered that the appealability of an order is not determined by the merits of the case but rather and only by the nature of the order from which a review is sought. The aspect is procedural only. That plaintiff by virtue of the stipulation was possessed of a legal right, not disputed by defendant, is conceded. Defendant's objection does not negate that right as such but is directed against the method plaintiff has pursued in enforcing it. The stipulation is a contract obligation. So, obviously, it lends no aid to an order otherwise nonappealable. There is nothing about it distinguishing it from our other cases. At most it might have presented a fact issue, but as such it could not furnish a basis for giving this court jurisdiction. In Rieke v. St. Albans Land Co. 179 Minn. 392, 394, 229 N. W. 557, we said:

"An order granting or denying a motion for judgment is not appealable. And it is well settled that where an order is made determining the alternative motion [under § 9495], an appeal will not lie from only that part of the order determining the motion for judgment." (Citing numerous cases.)

Nor does subd. 5 of the statute afford a basis for assuming jurisdiction. It permits an appeal from "an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken." The contention that the particular order is within this subdivision has been answered in previous decisions, particularly National Council v. Garber, *supra,* where we held (132 Minn. 413, 414, 157 N. W. 591):

"Appellant's suggestion that the order under consideration prevents the entry of a judgment from which an appeal might be taken is answered by what was held in regard to the fifth order involved in the Rase case [116 Minn. 414, 133 N. W. 986]. Pursuant to the 'practice there indicated judgment of dismissal was

entered on plaintiff's motion, from which judgment he appealed and the erroneous rulings upon nonappealable orders, made previous to the entry of judgment in respect to motions to modify the conclusions of law, were reviewed and a proper judgment directed. Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 118 Minn. 437, 137 N. W. 176."

In view of this decision, we cannot hold the present order to be one which prevents the entry of a judgment from which an appeal can be taken.

The appeal must be dismissed for want of jurisdiction.

So ordered.

STONE, JUSTICE (dissenting).

The motion and order involved no "mere question of practice." Rather, the order determined the "strict legal rights of the parties" under the stipulation. Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124, 1125. Therefore it is appealable under 2 Mason Minn. St. 1927, § 9498(3), allowing an appeal from "an order involving the merits of the action or some part thereof." See Bingham v. Board of Supervisors, 6 Minn. 82 (136), holding appealable an order setting aside a stipulation of facts. So also, in Rogers v. Greenwood, 14 Minn. 256 (333), we held appealable an order vacating a stipulation for dismissal.

There is the added circumstance that the order prevented judgment from which an appeal could be taken, under § 9498(5). Of course it was physically possible for plaintiff to have moved, after his motion for judgment was denied, for a judgment of dismissal, and, such judgment procured, he could have appealed. But surely the law should not require anything so bizarre as a motion by a prospective judgment creditor which would in effect ignore, if not nullify, a formal admission of record by the prospective judgment debtor that he is liable as averred in the complaint, and that judgment may be entered accordingly.

In the foregoing there is nothing to suggest departure from our rule that ordinarily an order denying a motion for judgment is not appealable. But circumstances have such potency to alter

cases as frequently to change the legal result. It is because this case is cut on a pattern so different from the usual run of court denials of motions for judgment that the order appears to me appealable under the statute. So I submit that we should consider it on the merits. If that were done, I would agree that, because of plaintiff's laches, the order below was right.

GALLAGHER, CHIEF JUSTICE, and HOLT, JUSTICE (dissenting).
We agree with the dissent of Mr. Justice Stone.