CARL DOBBERSTEIN *vs*. ELIZABETH MURPHY, impleaded, etc.

November 22, 1890.

**Partition—Final Judgment—Appeal.**—In an action for partition, the judgment provided in Gen. St. 1878, *c*. 74, § 8, is the final judgment, and, upon an appeal from it, the judgment provided in section 6 is open to review.

**Dower—Quitclaim Deed by Widow to Heirs.**—A quitclaim deed to the heirs by a widow, when, by the law of the state, she was entitled to dower in the lands of her deceased husband, if it could not operate as a conveyance, did operate as a release of the dower right.

**Probate Court—Jurisdiction—Claim under Deed by Heir or Devisee.** *Farnham* v. *Thompson*, 34 Minn. 330, followed, to the effect that a probate court has no jurisdiction to determine a claim under a conveyance by one of the heirs or devisees, and its decree assigning the estate does not affect such claim.

Appeal by defendant Elizabeth Murphy (who had acquired also the estate of defendants Margaret and Mary Murphy) from a judgment of the district court for Waseca county, *Buckham,* J., presiding, confirming the report of referees theretofore appointed to make partition, and vesting in plaintiff an estate for the life of Catherine Murphy in a certain described 43 acres of the N. ¾ of the N. W. ¼ of section 8, town 105, range 23, in that county, being the portion set off to him by the referees, the court having already adjudged the extent of the undivided interest of plaintiff in the N. ¾ in controversy. In that earlier judgment, it was adjudged that plaintiff, as grantee of the purchaser at execution sales of the dower interest of Catherine

Murphy, was owner of and entitled to have set off to him in severalty an estate for the life of Catherine Murphy in an undivided one-third of such N. $\frac{3}{4}$, the sales having been made on judgments against Catherine and John Murphy, one for $144.44, recovered January 20, 1883, and one for $69.15, recovered September 8, 1885, both judgments being subsequent to the date (September 20, 1872) of Catherine's quitclaim deed to defendants Elizabeth, Mary, and Margaret Murphy, and that deed being prior to the date (June 29, 1885) of the decree of distribution in the probate court by which a life-estate in an undivided one-third of the N. $\frac{3}{4}$ was assigned to Catherine Murphy, as stated in the opinion.

*P. McGovern* and *Brooks & Hendrix*, for appellant.

*Sawyer, Abbott & Sawyer*, for respondent.

GILFILLAN, C. J. The action is for partition of real estate. The question is on the plaintiff's title. The facts on which his claim of title rests are: In 1871, John Murphy died intestate, seised in fee of the N. W. $\frac{1}{4}$ of section 8, township 105 N. of range 23 W., leaving his widow, Catherine, and his children, Elizabeth, Margaret, Mary, John, and James. In 1872, the widow executed to Elizabeth, Mary, and Margaret a quitclaim deed in the usual form of the real estate. Afterwards, administration proceedings were commenced in the probate court of the county, and resulted in a decree assigning to John the S. $\frac{1}{4}$ of the quarter-section, and to the widow a life-estate in the N. $13\frac{1}{3}$ acres of said S. $\frac{1}{4}$, and to James, Mary, Elizabeth and Margaret the N. $\frac{3}{4}$ of the quarter, in equal undivided shares, and to the widow a life-estate in an undivided one-third of said three-fourths. The plaintiff claims title under execution sales of the interest of John and Catherine in the said N. $\frac{3}{4}$ upon two judgments against them, one entered before, the other after, said decree of distribution, both sales being made after the decree. The court below rendered judgment, as is provided by Gen. St. 1878, *c.* 74, § 6, the chapter regulating actions in partition, directing partition to be made by referees named in it, according to the respective rights of the parties as determined by the judgment, and, upon the report of the referees coming in, confirmed it and rendered judgment, in which the court ad-

judged and decreed that the partition made by the referees be established and made effectual forever, and vesting and confirming the titles of the parties according to the partition made, being the judgment contemplated by section 8 of the chapter, which declares that a judgment so rendered is binding and conclusive.    The defendants appeal from the latter judgment.

The respondent urges that upon such appeal this court cannot review the decision of the court involved in the former judgment,— that is, the decision upon the respective titles of the parties, and the right to a partition; that in respect to those matters that is the final judgment, and that to obtain a review of the questions involved in it an appeal should be taken from it.    We do not think this proposition is correct.    The judgment from which an appeal is given by Gen. St. 1878, c. 86, § 8, subdiv. 1, and upon which this court may review any intermediate order involving the merits or necessarily affecting the judgment, must be taken to be the judgment which finally terminates the action, and determines the rights of the parties and the controversy between them.    Any decision or adjudication, by whatever name it may be called, an order, or direction for judgment, or judgment, which leaves necessary a further judgment in order to give the parties the relief they are entitled to, and to terminate the action so far as the judgment may, is not such a judgment.    It frequently happens in the course of an action that the court makes decisions which determine, to a greater or less extent, what the final judgment shall be, and those decisions may be reviewed upon an appeal from such final judgment.    What is called a "judgment" in section 6 is of that character.    It determines to a certain extent what the final judgment shall be, but it does not terminate the action; and it certainly does not give a plaintiff the relief he seeks.    He asks partition, and where, as often happens, there is no dispute about the title, it is all he seeks.    To give him partition, the judgment provided in section 8, c. 74, is necessary.    Where there is a dispute upon the title, the judgment mentioned in section 6 determines it.    That determination is one of the steps toward giving him the relief sought, but it does not give it to him.    If the court should

stop with that judgment, he would fail in the ultimate purpose of the action, to wit, to have partition. The judgments mentioned in sections 6 and 8 are not like the judgments or decrees mentioned in sections 29, 36, *c.* 81, regulating the foreclosure of mortgages, passed on by us in *Dodge* v. *Allis,* 27 Minn. 376, (7 N. W. Rep. 732,) cited by respondent. For the judgment mentioned in section 29 fully determines the action as between the parties, and what is called a "final decree" in section 36 comes after the purposes of the action, so far as the land is concerned, are accomplished by enforcement of the judgment in section 29, and is entered for the benefit and upon the application of the purchaser, who does not apply as a party to the action. This makes it necessary to determine upon the merits involved in the judgment under section 6, no question being made as to the other if that is correct.

Whether or not the widow's dower, not being set off, was, at the time she executed the quitclaim deed to her daughters, assignable so that she could convey it, there is no question that she could release it. And her deed operated either as a conveyance or as a release. In which way it took effect is immaterial in this action, for it left in the widow no claim upon the land.

It is claimed, however, by respondent that by the decree in the probate court it is, notwithstanding the deed, *res adjudicata* that the dower right as set off by the decree remained in the widow. To give the decree that operation, it must have determined upon the validity or effect of the deed. Upon this point the case cannot be distinguished from *Farnham* v. *Thompson,* 34 Minn. 330, (26 N. W. Rep. 9,) in which it was decided that the probate court has no jurisdiction to determine a controversy between an heir or devisee and a third party claiming from him by reason of a transaction between them, and not claiming as heir or devisee; that the determination of such issues is not involved in administration, and belongs to some other than the probate court. In that case, a party claimed the land under a conveyance from the heir, as in this case the daughters claim under the widow's deed, and the court held that the decree of the probate court assigning the land to the heir did not affect the previously acquired title of his grantee. We adhere to the decision in that case.

v.44m.—34

The judgment is reversed, and the court below will enter judgment for the defendants.

NOTE. A motion for a reargument of this case was denied December 15, 1890.