FLOYD KEYSER AND ANOTHER v. EMIL HAGE AND OTHERS.

STATE BANK OF SLEEPY EYE AND OTHERS, RESPONDENTS.[1]

October 17, 1919.

No. 21,363.

**Partition — when evidence justifies a sale.**

The statute prefers a partition of lands in kind to a sale of them and a division of the proceeds. A sale may be had when partition cannot be had without great prejudice to the owners. The evidence in this case tended to show difficulty in dividing the land sought to be partitioned into portions of equal value. There was an encumbrance covering the whole. The evidence sustains a finding that a partition could not be had without great prejudice and justifies a sale.

Action in the district court for Brown county for the partition of certain real property, and for a sale thereof in case partition could not be made without great prejudice to the owners. The case was tried before Clague, J., who made findings and ordered that the land be sold. From the judgment entered pursuant to the order for judgment, Emil G. Hage and Dora M. Hage appealed. Affirmed.

*Somsen, Dempsey & Flor,* for appellants.

*Olsen & Mueller,* for respondents.

DIBELL, J.

This is an action for partition. The court found that the lands were

[1] Reported in 174 N. W. 311.

so situated that partition thereof could not be had without great prejudice to the owners and that a sale should be had, and adjudged accordingly. The defendants Emil G. Hage and his wife appeal.

The question is whether the partition should be in kind or by sale. Many years ago the plaintiff Floyd Keyser and the defendant Emil G. Hage purchased the land involved on contract and they are the equitable owners of it. There becomes due on December 1, 1919, $19,000 of the unpaid purchase price, with one year's interest. The property is worth $47,000. It consists of a farm of 397 acres. Three hundred seventy acres are in one body and 27 acres are something like a mile away. Upon the 370 acres are improvements in the way of buildings worth from $7,000 to $9,000. The lands have been operated as one farm. The buildings are in value and in size out of proportion to the portion which would be set off to either cotenant if there were partition in kind. The $19,000 owing to the vendors cannot be apportioned, a part upon a tract set off to the plaintiff, and a part upon a tract set off to the defendant. If there should be a partition in specie the vendors could enforce their rights without reference to the partition of the interests of the plaintiff and the defendant.

The statute favors partition in kind rather than upon sale. G. S. 1913, §§ 8028, 8041; Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735. It discourages owelty to equalize partition. Hoerr v. Hoerr. Taking into consideration the difficulty of making an equal division without overloading one tract with too extensive improvements, the disinclination to decree owelty to make partition equal, and the existence of the $19,000 encumbrance soon due, which cannot be divided and put one part on one tract and the rest on the other, or put wholly on one, we think the trial court's finding is sustained.

Affirmed.