## CITY OF ST. PAUL v. RAILROAD AND WAREHOUSE COMMISSION AND ANOTHER.[1]

May 15, 1925.

No. 24,772.

**When order of Railroad Commission is appealable and when not appealable.**

1. In a proceeding before it under L. 1921, c. 278, the Railroad and Warehouse Commission is charged with the duty of fixing reasonable street railway rates. One factor is the fair value of the street railway property. An order made in the course of the proceeding finding the value is not appealable to the district court. An order fixing the rate is appealable and on such appeal the question of value is before the district court. An appeal from the finding of value does not

[1]Reported in 203 N. W. 972.

confer jurisdiction; and upon such appeal the court is without authority to direct the commission to make a return of the proceedings had before it.

**Order of district court to make return is appealable.**

2. The order of the district court directing the commission to make a return is appealable to this court.

1. See Carriers, 10 C. J. p. 410, § 630 (1926 Anno); p. 438, § 686.

2. See Appeal and Error, 3 C. J. p. 547, § 385.

The city of St. Paul appealed to the district court for Ramsey county from an order of the Railroad and Warehouse Commission finding the fair value of the St. Paul City Railway's property. From an order, R. D. O'Brien, J., directing the commission to file a return, on appeal, the Railroad and Warehouse Commission and the St. Paul City Railway Company appealed. Reversed.

*Clifford L. Hilton,* Attorney General, *Ernest C. Carman,* Assistant Attorney General, *Ivan Bowen, Lancaster, Simpson, Junell & Dorsey, Sullivan & Neumeier,* and *Shaw, Safford, Putnam & Shaw,* for appellants.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for respondents.

DIBELL, J.

On March 6, 1925, the city of St. Paul appealed to the Ramsey district court from an "order of the Railroad and Warehouse Commission, filed March 6, 1925, finding that the fair value of the property of the St. Paul City Railway Company for rate making purposes is the sum of fifteen million nine hundred ninety-eight thousand eight hundred forty-nine and 16/100 ($15,998,849.16) dollars." This finding was made in a proceeding pending before the commission under L. 1921, p. 328, c. 278, for fixing the passenger rates of the street railway. On the same day the city moved for an order requiring the commission to make a return on appeal such as is required by G. S. 1923, § 4650, G. S. 1913, § 4191. At the hearing on the motion the state, the commission, and the St. Paul City Railway Company appeared specially, challenged jurisdiction, objected to the granting of the motion, and moved to dismiss the appeal.

Their objections were overruled and their motions were denied and on March 9, 1925, an order was entered directing the commission to make a return of its proceedings. This appeal is from that order.

The questions are:

(1) Whether an appeal to the district court lies from the commission's finding of value; and whether upon appeal so taken the court has jurisdiction to require the commission to make a return.

(2) Whether the order of the district court directing the commission to make a return is appealable to this court.

1. In June, 1921, the St. Paul City Railway Company instituted before the Railroad and Warehouse Commission a proceeding under L. 1921, p. 328, c. 278, for the establishment of rates of fare. By section 5 the commission is given

"initial and exclusive power and authority, upon hearing upon petition as provided by this act, to fix and establish rates of fare and charges by a street railway for carrying passengers, subject to the powers of the district court in case of appeal thereto as hereinafter provided, which rates shall yield not to exceed a reasonable return on the fair value of the street railway property of any street railway."

Section 9 provides that

"if the petition be to fix a rate of fare the commission shall after hearing as herein provided fix a rate of fare to be charged by the street railway which will yield only a reasonable return on the fair value of the street railway property of such street railway within the city, as provided by this act."

It is conceded that rate making is legislative in character, that the rate making power is lodged in the commission, and that it had jurisdiction to fix a rate in the proceeding before it.

The appellants suggest that the commission's finding of value was tentative and submitted as a basis for conference concerning the establishment of a rate—not signed nor filed nor officially adopted by the commission. This may be so. So far as concerns the result of this appeal it is unimportant whether the finding was

tentative or final; and for the purposes of our decision we assume, favorably to the city, that the commission made a final and official finding of value. It did not fix a rate. Factors other than valuation, such as revenues from operation, operating expenses, a reasonable return on fair value, are involved in a rate. The fact of primary importance is that the commission has not fixed a rate.

Section 10 of the statute provides that "any city or street railway may appeal from any order, ruling or decision of the commission duly made after hearing to the district court;" and that upon an appeal the district court "shall have jurisdiction of and shall try the whole matter in controversy, including matters of fact as well as law, and make findings upon all material facts, and in any case involving rates or the value of street railway property shall find and determine the fair value of such property and also what is a reasonable rate of return thereon, and shall affirm, modify or reverse any order or finding of such commission as may be required by law."

The statute does not intend an appeal from a finding of value. This is apparent from a reading of it as a whole. It would be unfortunate if it did; for then either party, street railway or city, as its advantage on a particular occasion might be, could appeal from the finding, delay the commission in the orderly progress of the rate proceeding, and postpone indefinitely the final result. On an appeal from an order establishing a rate the question of fair value is before the court. Necessarily this is so, for it is a factor entering into the making of a rate. Section 10 says so.

The city expresses a fear that, unless it appeals from the finding of valuation within 30 days, the period prescribed by G. S. 1923, § 4650, G. S. 1913, § 4191, it cannot avail itself of the right to contest the valuation. The language of the first part of section 10 may suggest some reason for apprehension. At the basis of the decision now made is the necessary holding that valuation is before the court on appeal from an order fixing the rate.

The order finding value is not appealable. The district court was without jurisdiction on the appeal, and it should have been dismissed; and its order directing a return was without jurisdiction.

2. The city urges that the order from which the appeal is taken to this court is not appealable. The order puts the railway company to the burden of considering in the district court the fair value of the railway property, though no rate has been established, and though the court has not jurisdiction. It takes from the commission the authority vested in it by the statute to proceed to the fixing of a rate. The appellants challenge the jurisdiction of the court to proceed further, and they are met by an adverse ruling. It should have been in their favor. A substantial and positive right is affected, the principle applied in Plano Mnfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124, is applicable here, and the order is appealable. And see Krafve v. Roy, 98 Minn. 141, 107 N. W. 966, 116 Am. St. 346.

The order requiring the commission to make a return is reversed and upon the going down of the remittitur an order will be entered dismissing the city's appeal.

Order reversed.