## LEO EDELSTEIN v. GLADYS LEVINE.[1]

January 3, 1930.

No. 27,644.

[1]Reported in 228 N. W. 558.

*Bundlie & Kelley,* for appellant.

*Stacker & Stacker* and *Roger S. Rutchick,* for respondent.

WILSON, C. J.

Plaintiff's action sounded in negligence. On January 24, 1929, he was given a verdict for $35. On January 26 plaintiff served on defendant a notice of motion for a new trial, based upon the minutes of the court, making it returnable on February 5, 1929. It was not heard until April 16, 1929, when defendant appeared specially and moved to dismiss the motion for a new trial upon the ground that it had not been heard within the time fixed by law. This motion was taken under advisement. There were continuances. The matter was again taken up by the court on May 1, 1929, when the parties were in court and the argument included plaintiff's motion for a new trial, defendant's counsel stating to the record that he reserved defendant's rights by virtue of the special appearance. On June 11, 1929, the court denied defendant's motion for a dismissal of plaintiff's motion for a new trial which he granted. Defendant appealed from that part of the order denying her motion to dismiss plaintiff's motion. Is the order appealable?

■ When a motion for a new trial is made upon the minutes of the court it must be heard within 30 days after the coming in of the verdict, unless the time be extended by written stipulation of the parties or by the court for cause. G. S. 1923 (2 Mason, 1927) § 9326; Cox v. Selover, 165 Minn. 50, 205 N. W. 691. The time was not so extended. The power or authority of the court to hear the motion had ceased. The order granting the new trial was a nullity.

■ The general rule is that no appeal lies from the action of a court which requires a subsequent order or judgment to give it effect. The order in question was effective. The appeal is to be taken from the order or judgment which gives effect to the conclusion reached. An order is appealable when it involves "the merits of the action or some part thereof." G. S. 1923 (2 Mason,

1927) § 9498(3). Such an order is one which determines the strict legal rights of the parties.

The order from which this appeal was taken, defendant's contention on special appearance being correct, determined her positive and strict legal rights and subjected her to the burden of defending the action on the merits. The order was made in a situation and under circumstances wherein the court was without jurisdiction to make the particular order—the only order it could have made was the one which defendant sought. Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124; City of St. Paul v. R. R. and W. H. Comm. 163 Minn. 274; 203 N. W. 972.

Reversed.

[1]Reported in 228 N. W. 556.