## MARY E. SMITH v. JULIA A. WRIGHT AND OTHERS.[1]

October 19, 1934.

No. 30,043.

*Harris Richardson,* for appellants.

*R. B. Brower,* for respondent Mary E. Smith.

*J. B. Pattison,* for respondents Edward Zapp and Otto Zapp, liquidating agents of trusteed assets of Zapp State Bank.

*Thomas H. Quinn,* for respondent Anna R. Steppan.

*PER CURIAM.*

Appeal from an order of the district court of Stearns county denying the motions of defendants Julia A. and Frank M. Wright for a new trial.

This action was commenced by Mary E. Smith against Julia A. Wright and Frank Wright, her husband, together with several other defendants, for the partition of real property. September 25, 1933, the court filed a decision dated September 21, 1933, directing a partition sale. Service of notice of the filing of the decision was admitted by defendants on September 27, 1933. A stay of 20 days was granted by the order. A notice of motion for amended findings was served October 11, 1933. The motion was argued November 3,

[1]Reported in 256 N. W. 890.

1933, and was denied by an order filed· November 20, 1933. On denial of the motion the court, when its attention was directed thereto, on its own motion, corrected an error in its findings as to date to which interest was paid on one of the encumbrances. November 29, 1933, defendants served notice of motion for a new trial on the minutes of the court. The motion was argued December 7, 1933. Plaintiff and all resisting respondents entered a special appearance and objected to the jurisdiction of the court to entertain the motion for a new trial. The court, however, heard the arguments and entered an order denying the motion. From the order so entered this appeal is taken.

2 Mason Minn. St. 1927, § 9326, provides:

"If the motion [for a new trial] is to be heard on the minutes of the court, it shall be heard within thirty days after the coming in of the verdict or notice of the filing of the decision or report, unless the time be extended by written stipulation of the parties or by the court for cause, * * *."

The motion for a new trial was argued over two months after notice to defendants of the filing of the decision. There was no stipulation between the parties extending the time, and the court granted no extension. The stay of 20 days did not affect the defendants' right to move for a new trial since the order provided only that "further proceedings on the part of the *plaintiff* are stayed for a period of twenty days." Even had the stay acted as an extension of time by the court, the defendants did not proceed in time, since the 20-day stay expired on October 11, 1933. We do not regard the correction made by the court in its order denying amended findings as tolling the time within which a motion for a new trial to be heard on the minutes might be made. The correction was not one sought by the defendants in their motion, but was apparently a correction of a mere inadvertence in the original finding.

The motion for a new trial on the minutes could no longer be entertained by the court since its authority to hear the motion had ceased. Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558. The order was a nullity, and no appeal can be taken therefrom. This appeal is therefore dismissed.