MARY E. SMITH v. JULIA A. WRIGHT AND OTHERS.[1]

December 6, 1935.

No. 30,628.

[1]Reported in 263 N. W. 903.

590

See 192 Minn. 424, 256 N. W. 890.

*Harris Richardson,* for appellants.

*R. B. Brower,* for respondent Mary E. Smith.

*J. P. Pattison,* for respondents Edward Zapp and Otto Zapp, liquidating agents of trusteed assets of Zapp State Bank.

*Thomas H. Quinn,* for respondent Anna R. Steppan.

LORING, JUSTICE.

This is an appeal from the final judgment confirming a sale in a partition action which was commenced in the district court in April, 1932, and tried in August, 1933, resulting in findings in favor of the plaintiff under date of September 21, 1933, which findings were amended in one respect November 18, 1933.

The property sought to be partitioned is a four-family apartment house in the city of St. Cloud in which the plaintiff, Mary E. Smith, and the defendant Julia A. Wright each owned an undivided one-half interest. Mrs. Wright occupied one of the apartments and claimed her undivided interest as a homestead. At the time the case was presented to the trial court there existed two mortgages on the premises, the first in the sum of $5,000 with interest at six per cent since the 18th of July, 1931, to Anna R. Steppan, and the second mortgage in the sum of $2,000 with interest from October 15, 1932, held by Edward Zapp and others, as trustees. The total interest and principal on these liens aggregated approximately $7,780, and there were real estate taxes amounting to $318.37. It was alleged in the complaint that the property was worth $8,000. The two Wrights, the appellants here, alleged that it was worth $16,000. The court found that it was of the value of $8,000, but stated in its memorandum that it had viewed the premises during the trial at the request of both parties and that there was no doubt in its mind that the property could be sold for considerably more than the alleged value. All of the lienholders requested a sale, and the court found that the property could not be divided without great prejudice to the rights of the parties and ordered a sale of the premises.

The Wrights moved for a new trial on the minutes of the court and appealed to this court from the order denying their motions. The appeal was dismissed because the motions were not heard within the prescribed time, on the authority of Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558. The opinion appears in 192 Minn. 424, 256 N. W. 890. A judgment directing a sale of the property was not entered until January, 1935. The sale was had April 6, 1935, and at the opening of the sale Mrs. Wright objected to the sale being made and announced her intention of contesting its confirmation and also that in the event it be confirmed she intended to appeal to this court. Anna R. Steppan then bid $6,325.10 for the property subject to the tax liens thereon. June 8, 1935, judgment confirming the sale and directing the execution of the deed to Anna R. Steppan was entered, and it is from that judgment that this appeal is taken.

The Wrights contend that the court was powerless to order a sale because the mortgage liens and taxes amounted to more than the value of the property as found by the court and as stated in the complaint; and they further contend that the court might not order a sale because the undivided one-half interest of Julia Wright was claimed by her as her statutory homestead. They make a third contention that the sale was not made for cash as required.

For the purpose of this appeal, we are assuming that the matters determined in the interlocutory judgment directing a sale of the property may be reviewed on appeal from the final judgment confirming the sale. It may be, in the light of Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171, that that question could not be successfully raised by the respondent, although in this connection it is interesting to note the language in the opinion of this court in Schoonmaker v. St. Paul T. & T. Co. 152 Minn. 94, 188 N. W. 223, and also the case of Keyser v. Hage, 143 Minn. 447, 174 N. W. 305, where an interlocutory judgment was reviewed in this court. We do not here determine the question.

It is quite obvious that it would be of greater advantage to all concerned if the legislature were to make the interlocutory judgment final as between the parties as to all questions determined

thereby, and appealable as such, leaving only the questions arising subsequently to be determined upon appeal from the final judgment confirming the sale. Such a provision would prevent bidders from being deterred from bidding on account of a threat of litigation, such as was made in this case, and which no doubt resulted in a much lower price being paid for the property and in a loss to the lienholders as well as perhaps to the tenants in common of the property.

1. We come first to the question of the liens exceeding the value of the property as found by the court and as alleged in the complaint. This question goes to the propriety of the court's order of sale and not to the court's jurisdiction. Ordean v. Grannis, 118 Minn. 117, 127, 136 N. W. 575, 1026, L. R. A. 1915B, 1149. Therefore it was a question which the appellants must have seasonably raised in the trial court in order to have the advantage of it there or here. It is quite obvious from the record before us that the appellants did not seasonably raise the question in the trial court. It was their contention there that the property was worth twice what it was alleged and found to be, and they relied upon Mrs. Wright's claim of homestead as preventing the partition of the property. Their pleadings show this as well as their motion for amended findings made after the trial. So does Mrs. Wright's protest and warning to all persons against bidding at the sale. Even on the abortive hearing on the merits of the motion for new trial the court's memorandum indicates that the question was not raised. The first time that the point is made appears to be in the objection by the Wrights to the confirmation of the sale. We are of the opinion that this was a question to be determined by the trial court prior to the entry of the so-called interlocutory judgment and could not seasonably be raised after the sale had been made. The burden is on the appellants to show that the question was seasonably raised. We have no settled case.

2. We come now to the question of the effect upon the partition proceedings of Mrs. Wright's claim of homestead. There is a dearth of authorities upon this question, but in Thorn v. Thorn, 14 Iowa, 49, 55, 81 Am. D. 451, 453, in discussing the question, the supreme court of that state said:

"The homestead right is derived alone from the statute, but cannot be claimed and enforced by one tenant in common to the detriment of his co-tenants. Hence if he should happen to have erected and occupied a homestead on a piece of land which could not be partitioned without great prejudice to his co-tenants, it would have to be sold, but in that event the court would see that the value of the homestead and improvements, distinct from the land, would be secured to the party at whose expense and labor they had been made."

See also Norton v. Bradham, 21 S. C. 375, and 29 C. J. p. 849, § 168. We are in accord with this view and are of the opinion that the homestead right of the appellants in property which could not be partitioned without great prejudice did not preclude the court from ordering a sale under the partition statute in order to protect what right their cotenant or cotenants might have in the premises. As said by the learned trial court, if the law were as contended for by counsel for the appellants, it would at times result in great injustice. Whereas the law, as we view it, permits the rights of all parties to be protected.

3. We see no error in permitting the purchaser, who was an encumbrancer, to give a receipt for so much of the proceeds of the sale as belonged to her. 2 Mason Minn. St. 1927, § 9542, seems to have been carefully followed in this respect.

4. Nor do we think that the price which the property brought at the sale was so grossly inadequate as to indicate fraud or as to require a resale. The property did not bring so much as was expected by the trial court. This was doubtless in large part due to the fact that Mrs. Wright announced in effect that a purchaser was buying a lawsuit.

The judgment appealed from is affirmed.

I. M. OLSEN, JUSTICE (dissenting).

I am unable to agree to the disposition here made on the homestead rights of Julia A. Wright and husband. While it may be conceded that the homestead right of one of the occupants does not necessarily defeat an action for partition, there must be exceptional

circumstances, not here shown, to justify partition sale under such circumstances. Partition sale of a homestead cannot be had so as to result in injury to the person or persons entitled to the homestead. In any event, the homestead right must be considered and protected. The homestead cannot be so partitioned unless so provided by statute, or else under exceptional circumstances. 47 C. J. p. 485, § 537; 29 C. J. p. 1039, § 549, and cases cited under those sections. Here, it seems to me that all this partition sale accomplished was to destroy the homestead right. Nothing was accomplished by the sale except to pay up the mortgage on the property. The sale then amounts to this: That thereby the year for redemption from the mortgage sale, if the mortgage had been foreclosed, was cut out. It amounted in effect to a short way to foreclose the mortgage, without granting a redemption period. The order for sale and the final judgment confirming the sale do not show that any attention was given to the homestead right. That right is an additional right in the property over and above the title of the tenant in common owning the homestead. The careful protection given in this state to homestead rights is well pointed out in Craig v. Baumgartner, 191 Minn. 42, 254 N. W. 440.