KATE BURKE v. ALMA BURKE AND OTHERS.
NICOLLET COUNTY BANK OF ST. PETER AND OTHERS,
RESPONDENTS.[1]

No. 32,566.

February 14, 1941.

*Erickson, Osterlind, Seeger, Young & Gunn,* for appellants.

*Flor & Reim,* for respondent Kate Burke.

*George T. Olsen,* for respondents Nicollet County Bank of St. Peter and L. J. Gault and Carl A. Pettis, liquidating agents.

*L. O. Anthony,* for respondent Maurice Anthony.

[1]Reported in 297 N. W. 340.

STONE, JUSTICE.

The property involved in this partition action consisted of two noncontiguous tracts of farm land. One, the "Church Farm," has an area of about 100 acres with farm buildings of conventional character. The other tract is one of about 240 acres, known as the "Home Farm." It is unique in that a part of it has become the site of an inland settlement known as "Norseland." There have been erected on it a store building, a garage, a dwelling called the "Kate Burke residence," another known as the "Henry Burke residence," and still another for the farm tenant. There are also a barn, granary, and other farm buildings. The property as a whole is mortgaged to defendant Nicollet County Bank to secure a debt of upwards of $19,200.

The case was tried as by default of defendants although an attorney had appeared on their behalf.

Considering partition in kind impracticable, one referee was appointed to sell the premises. If partition in kind had been ordered, three referees would have been necessary. 2 Mason Minn. St. 1927, § 9527. But where, as here, it is established "that partition cannot be had without great prejudice to the owners, the court may order a sale of the property," and for that purpose may appoint "one or more referees." *Id.* § 9537.

When the action was commenced the property belonged to plaintiff and her brother, Henry A. Burke, as tenants in common. Soon thereafter, Henry Burke departed this life. Thereupon these appellants were substituted as defendants in his stead. Notwithstanding the initial default, Henry A. Burke and Alma Burke, his wife (now his widow and one of the appellants), interposed an answer wherein they formally asserted "that on account of the costly improvements upon one of the farms * * * it would be very difficult and almost impossible to divide said property in kind; that neither of said tenants in common would be in position at this time to raise sufficient money wherewith to pay any substantial sum as a difference in value of different tracts of said property." They asserted that Henry A. Burke had made "con-

siderable effort" to sell the property but without result. The prayer of their answer was that the action "be abated until farm conditions change and improve so that a sale of said premises may be effected without undue loss to the owners and the mortgagee." The action has been pending a long time. There has been all the delay for which anybody could properly ask.

The referee attempted but failed to sell in separate tracts. Offers were received, but it was considered that a better price could be secured by selling the property as a whole. It was so sold for a sum which exceeded by over $3,000 the sum of the best bids on the separate tracts.

■ What appears to be the principal grievance of appellants is that instead of division in kind the property was sold. We assume soundness for their argument that the complaint proceeded upon the theory that partition in kind was feasible. But not only has the court determined otherwise; also, in their answer, the Henry A. Burkes unequivocally insisted upon sale rather than division. Furthermore, after Henry's death, that continued to be the attitude of appellants.

They have insisted upon their homestead rights in the "Henry Burke residence" and 80 acres of the "Home Farm." As late as September, 1939, when they served upon the referee and plaintiff's attorney a formal notice of their claim, they insisted only that the sale of the whole property be so conducted "that it will definitely appear at what price said homestead was sold." There was further demand that all the other property be sold before the claimed homestead. By implication, that notice excluded any idea that Alma Burke, who signed it, considered that division in kind was possible or contemplated by anyone. Later, in formal objections by appellants to confirmation of the sale, there was similar detail of other objections and similar, significant silence concerning division in kind. Inescapable is the implication that even then the objectors, now appellants, had no thought that it was possible.

Again, in objecting to final judgment, this time apparently on her own initiative and without advice of counsel, Alma Burke enumerated many grounds of complaint but again was silent concerning partition in kind. Her main disappointment seems to have arisen from the fact, as she averred, that "the price is inadequate." Her averment that her homestead rights "were disregarded" is untenable. There was effort to sell the so-called Henry Burke residence separately, and the court has reserved jurisdiction later to pass upon the homestead claims of appellants and enforce them in respect to the proceeds of the sale.

All through this long pending case, first Henry Burke and later his widow and daughter, these appellants, have insisted formally and emphatically upon a sale rather than partition in kind. It is simply too late to claim now, and for the first time, that the judgment was erroneous in that it ordered a sale rather than partition in kind. On appeal, litigants may not so shift, to say nothing of reversing, their position. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 401-409.

That is not all. The evidence is not in the record here. And there is no suggestion, on behalf of appellants, of any feasible plan of partition in kind. The relatively large encumbrance is an obstacle, though by itself not insurmountable. The peculiar character and relation to each other of the improvements on the "Home Farm," plus probable inability of the parties to make needed equalization (as owelty) in cash, are offered, *arguendo*, in explanation of the result. *Cf.* Keyser v. Hage, 143 Minn. 447, 174 N. W. 305.

■ Respondents question the propriety of reviewing, on this appeal from final judgment, the order directing the sale. The thought is that that order, which is referred to as an interlocutory judgment, was itself appealable and that, no appeal having been taken, it became final. True, in Keyser v. Hage, 143 Minn. 447, 174 N. W. 305, and Grimm v. Grimm, 190 Minn. 474, 252 N. W. 231, we reviewed such interlocutory orders or judgments on direct appeal. (See also Schoonmaker v. St. Paul T. & T. Co. 152 Minn. 94, 188 N. W. 223.) In neither of those cases was any question

made as to the appealability of the order. Passing that, it was held in Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171, that upon appeal from the final judgment the interlocutory judgment directing partition (or sale) is open to review. Whether that is as it should be; whether in the interest of proper procedure a party complaining of such an order should be permitted to rest on his oars and then to attack the interlocutory determination on appeal from the final judgment, is open to question. Smith v. Wright, 195 Minn. 589, 263 N. W. 903. Be that as it may, the rule of Dobberstein v. Murphy has stood since 1890 without legislative change, so we prefer to leave change, if needed, to legislative action rather than to attempt it by decision.

Judgment affirmed.

UPON APPLICATION FOR REARGUMENT.

On March 28, 1941, the following opinion was filed:

STONE, JUSTICE.

Appellants' petition for rehearing invites attention to the need for correction of inadvertent misstatements of fact. When the action was commenced the title to the property in question was in plaintiff and her brother-in-law, Henry Burke, who died shortly before the action was tried. Henry Burke's widow and son, Sibley, are the appellants. The property was sold for an amount which exceeded by only $200 the sum of the bids on the separate tracts.

We have reconsidered appellants' argument based upon 3 Mason Minn. St. 1940 Supp. § 9540. It is there provided that where real property is sold in an action for partition, "if the premises consist of distinct farms or lots, they shall be sold separately." But such provisions are not mandatory. They are directory only. So contravention thereof does not render a sale void. It is voidable upon a showing of fraud or prejudice or for other good cause. Clark v. Kraker, 51 Minn. 444, 53 N. W. 706; Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985, 8 L. R. A. 50; Lamberton v. Merchants Nat. Bank, 24 Minn. 281.

Appellants now submit that their "principal grievance is the fact that their home was taken away from them" as a result of the sale in gross. That is true and regrettable. But we cannot conclude that prejudice has resulted. We need only again point out that the claimed homestead was, with the other land, subject to a large mortgage, foreclosure of which was pending. The equity of the owners in all the property was not over $7,000. Appellants' homestead rights were not only in the Henry Burke residence (in itself valued at not less than $3,600), but in 80 acres of adjoining land with its improvements.

Appellants' alleged homestead rights have been protected so far as justice and the unkind facts permit. The court has retained jurisdiction to pass upon the homestead claims and enforce them as against the proceeds of the sale. Appellants have submitted no feasible plan of partition in lieu of sale. On the merits, nothing has appeared to enable us to formulate a plan which we could substitute for the considered action of the court below.

The petition is denied.