The order of the industrial commission is affirmed.

IN RE APPLICATION OF ST. PAUL CITY RAILWAY COMPANY TO FIX RATES OF FARE.
ST. PAUL CITY RAILWAY COMPANY v. CITY OF ST. PAUL.
STATE OF MINNESOTA, INTERVENER.[1]

November 30, 1951.

No. 35,720.

*William M. Serbine,* Corporation Counsel, and *Louis P. Sheahan,* Special Assistant Corporation Counsel, for appellant City of St. Paul.

*J. A. A. Burnquist,* Attorney General, and *Joseph J. Bright,* Assistant Attorney General, for appellant State of Minnesota.

*Carl W. Cummins, Cummins, Cummins & Hammond, Clarence O. Holten, James E. Dorsey,* and *Dorsey, Colman, Barker, Scott & Barber,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal by the city of St. Paul (referred to hereinafter as the city) and the state of Minnesota, intervener (referred to hereinafter as the state), from two orders of the district court. The effect of the district court orders was to allow an appeal to that court by the St. Paul City Railway Company (referred to hereinafter as the company) from an order of the state railroad and warehouse commission (referred to hereinafter as the commission) which denied the company's application for an emergency and temporary increase in rates within the cities of St. Paul and South St. Paul pending determination of its application for the establishment of a new permanent rate.

The sole question for determination is whether the order of the commission denying the application for a temporary emergency increase is an order appealable to the district court under M. S. A. 220.15.

On June 20, 1951, the company filed a petition with the commission pursuant to M. S. A. c. 220, alleging that the present rate of fare is confiscatory and seeking (a) the establishment of a fare sufficient to yield a fair return on the fair value of its property, and (b) an emergency fare of 15 cents cash, with no reduction for token purchases, pending the final determination of such fare. The rate at that time, as at this time, is 15 cents cash fare and four tokens for 55 cents, which rate was established by an order of the commission dated July 17, 1950. On September 24, 1951, after hearings in the matter, the commission issued its order denying the requested emergency increase, and on the following day the company took an

appeal from that order to the district court of Ramsey county. The city, appearing specially, moved for an order dismissing the appeal on the ground of lack of jurisdiction of the district court, or, in the alternative, for an order remanding the matter to the commission. On the ground that its interests required its appearance in the matter, the state petitioned for, and the court granted, the right to intervene. The company moved for an order setting the case for trial forthwith, and by order of October 22, 1951, the court granted its motion. The motion of the city was denied by an order of the same date, the state having appeared in support of the city's motion and special appearance. It is from these orders that this appeal is taken.

The city and state contend that the order of the commission denying an application for a temporary emergency increase is not appealable to the district court under § 220.15 for two reasons: (1) That the order did not fix a rate; and (2) that the order is not a final order of the commission fixing a rate after the commission had completed its determinations concerning fair value and rate of return. In other words, they claim that it is merely an interlocutory or temporary order and therefore is not appealable.

Section 220.15 provides in part:

"Any city or street railway may appeal from *any* order, ruling, or decision of the commission duly made after hearing to the district court of the county in which the city affected by any such order, ruling, or decision is located, * * *." (Italics supplied.)

Section 216.24 also provides in part:

"Any party to a proceeding before the commission, or any party affected by *any* order thereof, * * * may appeal therefrom to the district court of the county in which the complainants, or a majority of them, reside, * * *." (Italics supplied.)

Although the statute specifically states that any order is appealable, the city and state rely on our holding in City of St. Paul v. R. R. & W. H. Comm. 163 Minn. 274, 277, 203 N. W. 972, 973, that an order of the commission finding the fair value of the railway

property was not appealable because it was not an "order, ruling, or decision" within the meaning of the statute. This court there pointed out that the important thing was that the commission's order did not fix a rate and that on an appeal from an order establishing a rate the question of the fair value of the property would necessarily come before the court.

In State v. St. Paul City Ry. Co. 196 Minn. 456, 265 N. W. 434, a contrary situation existed. There, an appeal was taken from a judgment of the district court setting aside an order of the commission requiring the company to sell two tokens for 15 cents during a temporary trial period. In affirming that appeal, this court said that the fact of primary importance was that the commission had fixed a rate.

In City of Duluth v. R. R. & W. H. Comm. 167 Minn. 311, 209 N. W. 10, we held, in considering the same statute, that it expressly granted the right of judicial review over any order of the commission fixing a rate.

Unlike the order in City of St. Paul v. R. R. & W. H. Comm. 163 Minn. 274, 203 N. W. 972, *supra,* the order under consideration in this case is not merely a preliminary finding upon which a future order is to be based, nor is it an order which will be subject to review upon appeal from any future order. The order here is a final determination of the rate to be charged during the period it is in effect; *i. e.,* until the commission is able to complete the rate-making process necessary to reëstablish a permanent rate. There can be no doubt that an order of the commission granting an application for a temporary increase is appealable to the district court. In re Applications to Fix Streetcar Rates of Fare, 228 Minn. 435, 37 N. W. (2d) 533. The argument that an order denying an application for a temporary increase is not a rate order and therefore not appealable overlooks the realities of the matter. An order denying an increase has the effect of fixing the rate during the period it is operative just as definitely and finally as would an order granting an increase during that same time.

The contention of the city and state that the only rate orders which are appealable are those establishing a rate of fare upon the final determination of the fair value of the railway property and a reasonable rate of return is really an argument to the effect that orders establishing a temporary rate, as contemplated by the statute, are not appealable. The very purpose of the provision for temporary rates is to provide relief until a determination of the fair value and reasonable return can be made, and temporary rates are ordered necessarily before a final determination of these matters is made.

The city and state cite State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603, wherein the city of St. Paul sought to appeal to the district court from an order of the commission fixing and establishing temporary rates of charges for telephone service, subject to change by the commission. The court granted the company's motion to dismiss the appeal on the ground that the city was not a party to the proceedings before the commission. We do not consider that case in point, because there it was held that the mere fact that the commission invited the city, in which the telephone company maintained an exchange, to attend the hearing in the proceedings begun by the commission to determine the reasonableness of telephone rates did not make the city a party to the proceedings by permitting it to file objections to the rates in effect and to participate in the proceedings before the commission. It is true that this court there expressed doubt whether an appeal should lie from an order of the commission establishing a temporary rate. This expression was pure dictum, since the question was not discussed in the briefs or arguments, and the court placed its decision upon the question whether the city was a party to the proceeding.

It seems to us that this court disposed of the doubt indicated by the court in the Tri-State case when it said in State v. St. Paul City Ry. Co. 196 Minn. 456, 265 N. W. 434, *supra,* while considering an appeal from a judgment of the district court setting aside an order of the railroad and warehouse commission, that the fact that the order was temporary in character made no difference, since the

statute made no exception in granting the right to appeal whether the order was temporary or not. It must be remembered that the statute considered here specifically states that there may be an appeal "from any order." This court further said in the St. Paul City Ry. Co. case (196 Minn. 459, 265 N. W. 435):

"* * * A temporary order which affects substantial rights, as does the order here in question, may be just as confiscatory as a permanent order, and not to allow judicial review of it would be in violation of the due process clause."

In In re Applications to Fix Streetcar Rates of Fare, 228 Minn. 435, 37 N. W. (2d) 533, *supra*, the court points out that the order for a temporary increase in 1948 was based upon the valuation in the 1947 order. The order in the case before us is based on the evidence obtained at the hearing which was conducted and evidence from prior rate proceedings, which presumably included the valuation of the property of the company made in previous proceedings.

It has been held that an order establishing a temporary rate is appealable to the district court. State v. St. Paul City Ry. Co. 196 Minn. 456, 265 N. W. 434; In re Applications to Fix Streetcar Rates of Fare, 228 Minn. 435, 37 N. W. (2d) 533. It is our opinion, under the facts and circumstances here, that the order under consideration is appealable to the district court under the broad terms of § 220.15.

Affirmed.